**Ex parte Henry Varela MUDRAGON.**

**No. 01-83-00611-CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 9, 1984.

Mike Deguerin, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before EVANS, C.J., and DOYLE and LEVY, JJ.

## OPINION

PER CURIAM.

This is an appeal from the trial court's order entered in a habeas corpus proceeding to determine the amount of appellant's pre-conviction bond. At the hearing, the trial court reduced the amount of appellant's bond from $2 million to $500,000, and the appellant contends that even the amount of the reduced bond is excessive.

The appellant has been indicted for delivery of cocaine, a Penalty Group 1 controlled substance. Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.02(b)(3)(D) (Vernon Supp. 1982–1983). *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1983) held the 1981 amendments to § 4.03(d)(3), *supra*, unconstitutional. Therefore the original Controlled Substances Act remains in full force and effect as if the amendments of H.B. 730, Acts of the 67th Leg., Reg.Sess., 1981, Ch. 268, Pg. 696–708, Eff. Sept. 1, 1981, had never been enacted. *Crisp, supra* at page 948. Under the original Act delivery of a Penalty Group 1 controlled substance is punishable by a term of imprisonment for life or for not more than 99 or less than 5

years. Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.03(b)(1) (Vernon 1976).

This is a companion case to *Ex parte Ramiro Fernando Martinez-Velasco*, No. 01–83–00608–CR, 666 S.W.2d 613 (Tex. App.1984), in which case this court has this date issued an opinion determining that the bond set for Martinez-Velasco was excessive, and ordering the reduction of that bond from $750,000 to the sum of $375,000. Both cases allegedly arise from the same transaction, in that appellant and Martinez-Velasco were arrested together at the scene of an anticipated delivery to an undercover agent of approximately 6,000 grams of cocaine of 99% purity, with an estimated street value of between $2–3 million.

In *Martinez-Velasco*, we discussed criteria to be considered by the reviewing court in bond reduction cases involving drugs. We do not reiterate those factors here, except to the extent particularly applicable to the facts of this case. As in *Martinez-Velasco*, the appellant, a citizen of Columbia, has resided in the United States for about thirteen years. He has no criminal record and testified that he had never been accused of any violation of law in this or any other country. His wife, son, and two of his three daughters live in the state of Pennsylvania. The youngest lives with her mother and is a student; the second is working as a registered nurse there; and the third lives in Houston, supporting herself by working as a secretary. His son is in school. The appellant is a former knitting machine operator and machinist and is currently self-employed in Houston as an automobile mechanic, contributing $100–$250 per month to the support of his wife and daughter in Pennsylvania. Appellant owns no real property, stocks, bonds, checking or savings accounts and has only $71 in cash. He testified that his automobile is worth between $300 and $400. He states he would not abandon his family and would return to court for trial.

Appellant's brother-in-law, also from Columbia, testified that he had known appellant for 30–35 years, during which time he had never known appellant to be involved with drugs or to live a lifestyle indicating that appellant had large sums of money. He stated that if released on bond, the appellant could reside at his home in Houston. Four of appellant's friends testified that appellant is very poor, that he has a good reputation, that he would appear for trial if released on bond, and that although they would guarantee or co-sign his bond, they could only make bond in the amount of $5,000.

Appellant's 17-year old daughter, who resides in Pennsylvania with her mother, testified that she came to this country at the age of four with her family and has never returned. She states her father is very kind, was very much against drugs, and is a man of his word; that if he says he will return, he will come back. She says her father has no money, property or bank accounts in Houston or anywhere else. She testified that her father does travel to Columbia about once a year to visit his mother who lives there and is very sick.

As stated in *Martinez-Velasco, supra,* the record in the instant case reflects no violence, weapons, threats or attempted escape involved, and no money changed hands. Also, as in *Martinez-Velasco,* the State has not filed any response to the appeal at the oral submission of the appeal. Thus, as in *Martinez-Velasco,* it may reasonably be inferred that the prosecution does not seriously contest the appellant's application for further reduction of the bond.

In view of the circumstances reflected by the record, we have concluded that the $500,000 bond set at the bond reduction hearing is excessive, and it is ordered that the bond is reduced to the sum of $250,000.