**Ex parte Ramiro Fernando MARTINEZ–VELASCO.**

No. 01–83–00608–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 9, 1984.

**614**

Richard Mike Deguerin, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

EVANS, C.J., and DOYLE and LEVY, JJ.

## OPINION

PER CURIAM.

This is an appeal from the trial court's order entered in a habeas corpus proceeding to determine the amount of appellant's pre-conviction bond. At the hearing, the trial court reduced the amount of appellant's bond from $2 million to $750,000, and the appellant contends that even the amount of the reduced bond is excessive.

We note at the outset that the State did not file any response to the appeal, and did not request oral argument or appear at the oral submission of the appeal. Thus, it could reasonably be inferred that the prosecution does not seriously contest the appellant's application for further reduction of the bond.

The appellant has been indicted for delivery of cocaine, a Penalty Group 1 controlled substance. Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 4.02(b)(3)(D) (Vernon Supp.1982–1983). *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1983) held the 1981 amendments to sec. 4.03(d)(3), *supra*, unconstitutional. Therefore the original Controlled Substances Act remains in full force and effect as if the amendments of H.B. 730, Acts of the 67th Leg., Reg.Sess., 1981, Ch. 268, Pg. 696, 708, Eff. Sept. 1, 1981, had never been enacted. *Crisp, supra,* at page 948. Under the original Act, delivery of a Penalty Group 1 controlled substance is punishable by a term of imprisonment for life or for not more than 99 or less than 5 years. Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 4.03(b)(1) (Vernon 1976).

The appellant was arrested at the scene of the anticipated delivery to an undercover agent of approximately 6,000 grams of cocaine of 99% purity, with an estimated street value of between $2–3 million. His bail pending trial was initially set at $2 million, but at the habeas corpus hearing this amount was reduced to $750,000.

The appellant contends that the trial court abused its discretion in setting his bail, arguing that the amount is excessive, amounting to no bail, and that it therefore acts as an instrument of oppression in forcing him to remain in jail pending trial. In reviewing on appeal, we recognize that the appellant bears the burden of proof to show that the amount of the bail set by the trial court is excessive. *Ex parte Vasquez,* 558 S.W.2d 477 (Tex.Cr.App.1977).

In determining this question, the court is guided by Tex.Code Crim.Proc.Ann. art. 17.15 (Vernon 1966) which provides:

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate, or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
>
> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.
> 4. The ability to make bail is to be regarded and proof may be taken upon this point.

The record reflects that the appellant is a citizen of Ecuador, South America. He has resided in the United States since 1971.

He testified that he has no criminal record and that he has never been accused of any violation of law in this or any other country. He has been employed since he was 14 years old; he graduated from high school in New York City, and he holds a bachelors degree from the People's University of Americas in New York City. His profession is jewelry design, which he began 17 years ago in Ecuador and in which field he has continued to the time of his arrest. The appellant resides in Queens, New York, where he rents an apartment for $220 per month. He has maintained a savings and checking account at a New York bank since 1973, and he has between $550 and $600 in the savings account, and approximately $850 in his checking account. He testified that his sole source of income is $1,000 per month out of which he pays his $220 rent and $200 car payment.

Appellant has no family residing in either Texas or New York; all his family reside in Ecuador. He possesses a passport from Ecuador and went there three years ago. He stated that he traveled to Columbia during Christmas in 1982.

Three friends testified that appellant has a good reputation and would return for trial if released on bond. One had known appellant for five years and testified that he was recognized in his field as an artist and a jeweler. This witness testified that she would agree to co-sign his bond. She further testified she knew the appellant when he resided in Connecticut and visited him once or twice a year in New York City to buy jewelry. For three years she has seen him twice a month in Houston because appellant's fiancee has been her roommate in Houston. The second, who had known appellant for three years, stated that he was a good, hard-working man, never known to have been involved with drugs and that, in his opinion, he would return to court if released. Appellant's fiancee has known him for three years and describes him as very nice, gentle, and considerate. She testified appellant has sold jewelry in Houston, and she sees him every two weeks. She also was sure that appellant would return if released on bond. Although his friends said that they would guarantee appellant's bond, they testified that they could only make bond in the amount of $5,000. Appellant himself testified that he would abide by all of the conditions of bond and make all required court appearances.

■ The primary purpose of an appearance bond is to secure the presence of the defendant for trial. *Ex parte Vasquez, supra.* Although bail should be set sufficiently high to give reasonable assurance that the accused will comply with the undertaking, the amount of bail should not be set so high as to amount to an instrument of oppression. *Ex parte Bufkin,* 553 S.W.2d 116, 118 (Tex.Cr.App.1977).

The guidelines set forth in art. 17.15, *supra,* set general standards for determining the excessiveness of pretrial bail. However, these guidelines do not specifically address other relevant facts such as the probability of conviction and the potential punishment to be assessed. Also pertinent, we conclude, is the precedent established in reported bond reduction cases.

As indicated, we have not had the benefit of a brief on behalf of the State, but we have reviewed those cases reported, in Texas and elsewhere, which tend to provide some guidance in this determination. The appellant cites a number of authorities where substantial bail reductions were ordered. *Ex parte Vasquez, supra; Ex parte Clark,* 537 S.W.2d 40 (Tex.Cr.App. 1976); *Ex parte Cevallos,* 537 S.W.2d 744 (Tex.Cr.App.1976); and *Ex parte McClellan,* 545 S.W.2d 483 (Tex.Cr.App.1977). However, we do not find those cases particularly applicable because none pertain to drug offenses.

The appellant does refer to one drug case, *Ex parte Lerma,* 561 S.W.2d 10 (Tex. Cr.App.1978). In that case, decided some six years ago, two Mexican nationals were charged with possession of over 1,000 grams of heroin. Both defendants resided in Mexico and there was evidence that they had bad reputations for being peaceful and abiding citizens. Neither had prior convic-

tions. The Court of Criminal Appeals held that the bonds, initially set at $300,000, were excessive and reduced the bonds to $75,000 and $100,000, respectively.

In an earlier case, *Ex parte Dueitt*, 529 S.W.2d 531 (Tex.Cr.App.1975), the defendant was charged with two offenses of a delivery of heroin. The record showed that he was 23 years old, married, the father of a three-year-old daughter and that he had lived all his life in Harris County. He had no prior felony convictions, and his employer testified that he could have his job back if released on bond. His potential punishment was 5 to 99 years. The Court of Criminal Appeals considered the nature of the alleged offense, the accused's inability to make the required $60,000 bond, his past performance record on a $10,000 bond, and determined that his bond was excessive and should be reduced to $10,000.

In 1977, the Court of Criminal Appeals was faced with a bond reduction appeal in a case charging possession of heroin. *Ex parte Branch*, 553 S.W.2d 380 (Tex.Cr.App.1977). The record indicated two other heroin charges pending against the defendant and also a charge for aggravated assault on a peace officer. The defendant, who had been employed by Gulf Oil Corporation for 23 years prior to his suspension, was making, at the time of his arrest, $500 per month, working in his father's store. He owned three cars, one of which was fully mortgaged, a home, and shares of Gulf stock. The Court of Criminal Appeals reduced the amount of bond from $500,000 to $20,000.

In 1978, the Court of Criminal Appeals considered a drug case involving the possession of cocaine with intent to deliver. The evidence showed that the defendant was a resident of Columbia; that he had an apartment in Houston, a wife, and children in school. He had no prior convictions and there was evidence indicating he was only able to make a $10,000 bond. The court ruled that in the absence of aggravating factors, which would result in a lengthy sentence, the initial bond set in the amount of $500,000 was excessive, and it reduced

the bond to $50,000. *Ex parte Sandoval*, 576 S.W.2d 634 (Tex.Cr.App.1978).

In 1980, the Court of Criminal Appeals considered two bond reduction appeals in drug cases. In one, the defendant, a self-employed jeweler, was charged with possession and manufacture of methamphetamine. The proof showed the accused owned real property in Conroe and Livingston, a car, a van, two motorcycles, jewelry, and jewelry equipment. He had a $15,000 annual income, and owed $500 on his income tax. He had one prior conviction for conspiracy to manufacture, and an appeal was pending from that judgment. The court held that the defendant's bail on his three-count indictment, initially set at $150,000 was excessive, and ordered his bail reduced to $50,000. *Ex parte Plumb*, 595 S.W.2d 544 (Tex.Cr.App.1980). In the second case, involving a first degree felony for delivery of cocaine, it was shown that the two defendants were Cuban refugees, and that both had resided in the United States for about eight years. One had been married for fifteen years and the other for eleven, and each had three children. Each defendant had $800 in cash and had been in Houston for about one year. Neither had rented or purchased their home and neither had children in school. The Court of Criminal Appeals held that the $100,000 bail was excessive and reduced the amount to $50,000. *Ex parte Rodriguez*, 595 S.W.2d 549 (Tex.Cr.App.1980).

The illegal manufacture, transportation and sale of large quantities of contraband drugs usually require multiple transactions of a transitory nature. By the very nature of the operation, the participants in the transport and sale of drugs must be highly mobile. Further, the large amount of cash required to effect such transactions usually suggests involvement of monied backers who may consider the costs of bail bonds merely as a normal business expense. Therefore, in a case such as that before us, a much higher bond may be required to assure the presence of the defendant at trial. With these, and the other factors discussed above us, we consider whether

the amount of bail in the instant case is excessive.

■ Although the appellant is a citizen of Ecuador, he has resided and conducted his business in the United States for the past thirteen years, and has apparently established strong friendship ties in the United States, even if he has no family here. The evidence shows that he has no prior criminal record and that no threats, force, or violence were involved in his apprehension and arrest. Furthermore, as we have noted, the State has not chosen to contest his appeal seeking further reduction in the amount of his bail bond.

Under all of the circumstances mentioned, we have concluded that the amount of the appellant's bond is excessive, and it is here ordered that the amount is reduced to the sum of $375,000.