**Ex parte Jessie REYES.**

**No. 01–99–00317–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 23, 1999.

Robert J. Fickman, Houston, for Appellant.

Julie Klibert, John B. Holmes, Houston, for State.

Panel consists of Chief Justice SCHNEIDER, and Justices TAFT and PRICE.*

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at

## OPINION

TAFT, Justice.

Appellant, Jessie Reyes, stands charged by indictment with possession of 721 kilograms of cocaine with intent to deliver. Bail was originally set at $10,000,000. Appellant sought bail reduction through a habeas corpus proceeding. Following · a hearing,[1] the trial court granted relief and reduced bail to $3,000,000. Appellant now brings this appeal. We address whether bail in the amount of $3,000,000 in this case is excessive. We affirm.

### Guidelines for Setting Bail

■ The amount of bail is within the sound discretion of the trial court. *Ex parte Pemberton*, 577 S.W.2d 266, 267 (Tex.Crim.App.1979); *Ex parte Penagos*, 810 S.W.2d 796, 798 (Tex.App.—Houston [1st Dist.] 1991, no pet.). The Code of Criminal Procedure indicates the following factors are to be considered in determining the amount of a defendant's bail:

(1) The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

(2) The power to require bail is not to be used as an instrument of oppression.

(3) The nature of the offense and the circumstances of its commission are to be considered.

(4) The ability to make bail is to be regarded, and proof may be taken on this point.

(5) The future safety of a victim of the alleged offense and the community shall be considered.

TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.1999). The burden of proof is upon an appellant who claims bail is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849

(Tex.Crim.App.1981); *Ex parte Martinez–Velasco*, 666 S.W.2d 613, 614 (Tex.App.—Houston [1st Dist.] 1984, no pet.).

### A. Purpose of Bail

■ In evaluating excessive bail, it must be noted the primary purpose of an appearance bond is to secure the presence of the defendant in court at his trial. *Ex parte Vasquez*, 558 S.W.2d 477, 478 (Tex. Crim.App.1977); *Ex parte Bonilla*, 742 S.W.2d 743, 744 (Tex.App.—Houston [1st· Dist.] 1987, no pet.). While bail should be set sufficiently high to give reasonable assurance the accused will comply with the undertaking, the amount of bail should not be set so high as to amount to an instrument of oppression. *Ex parte Bufkin*, 553 S.W.2d 116, 118 (Tex.Crim.App.1977); *Ex parte Willman*, 695 S.W.2d 752, 753 (Tex. App.—Houston [1st Dist.] 1985, no pet.).

■ Appellant points out in his brief that the Court of Criminal Appeals has indicated its general disapproval of bonds in the amount of seven figures, even when the offense charged is a capital offense. *Ludwig v. State*, 812 S.W.2d 323, 325 (Tex. Crim.App.1991). However, as this Court stated in *Martinez–Velasco*, cases involving large quantities of drugs usually require high bonds because the large amount of cash required to effect such transactions usually suggests involvement of monied backers who may consider the costs of bail bonds merely a normal business expense. 666 S.W.2d at 616.

### B. Community Ties and Criminal History

■ In considering what constitutes reasonable bail, in addition to the factors listed above, this Court may also consider petitioner's work record, family ties, length of residency, and past criminal record.

---

Houston, participating by assignment.

1. At the hearing, the State presented a law enforcement expert to testify to the value of cocaine. Appellant presented a law enforcement expert and a local bail bondsmen to testify concerning the amount of bail that can

be posted by bail bondsmen in Harris County. Although appellant did not testify, he presented the testimony of his sister concerning their family's efforts to make bail, and appellant's ties to the community.

*See Rubac,* 611 S.W.2d at 849; *see also Martinez–Velasco,* 666 S.W.2d at 614–15.

The record reflects certain factors which indicate appellant is likely to comply with the bail provisions. Appellant is a United States resident, and has lived in Houston since birth. Appellant attended Waltrip High School in Houston. Appellant has been married for nine years, and has three small children. Most of his immediate family resides in the Houston area. Appellant also operates his own local business. Appellant's only previous conviction was for driving while intoxicated (DWI). Appellant was acquitted of a second DWI charge for which he faithfully appeared for at least six court settings. Furthermore, appellant's sister testified that appellant would return for trial if released on bond.

### C. Nature of the Offense

■ Appellant is charged with possession of cocaine in an amount greater than 400 grams, with the intent to deliver. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 1992). The available punishment for this offense ranges from imprisonment for life, or for a term of no more than 99 years or less than 15 years, and a fine not to exceed $250,000. TEX. HEALTH & SAFETY CODE ANN. § 481.112(f). In considering the nature and circumstances of the offense, the court may take into consideration the punishment permitted by law for the alleged offense. *Ex parte Rodriguez,* 595 S.W.2d 549, 550 (Tex. Crim App.1980); *Patterson v. State,* 841 S.W.2d 534, 535 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

An overwhelming circumstance in this case is that appellant is charged with possessing cocaine in the amount of 721 kilograms. At the hearing, the State presented a law enforcement expert who testified that the approximate street value of the cocaine to be $56,000,000 to $87,000,000.

### D. Ability to Make Bail

The record indicates appellant could secure funds to post a $50,000 bond. Appellant's sister testified the family could pool its resources and post bail in the amount of $250,000. However, under no circumstances could the family post bail in the amount of $10,000,000, which was the original amount of the bond. Testimony was also presented that no bonding company in Houston could post a bond in the amount of $10,000,000 because the bonding companies individually lacked sufficient funds on deposit with the Harris County Bail Bond Board. The maximum amount a local bonding company could post is $385,000.

■ However, a person's inability to pay does not control the amount of bail. *Ex parte Gentry,* 615 S.W.2d 228, 231 (Tex.Crim.App.1981); *Ex parte Charlesworth,* 600 S.W.2d 316, 317 (Tex.Crim.App. 1980). The ability to make bail is simply another factor to be considered. TEX.CODE CRIM. PROC. ANN. art. 17.15(4) (Vernon Supp.1999). Furthermore, inability of a bail bondsman to post bond is not determinative of the amount of bail a trial court may set in a particular case. *Wright v. State,* 976 S.W.2d 815, 820 (Tex.App.— Houston [1st Dist.] 1998, no pet.). Rather, the ability of a bail bondsman to post bond is simply another factor to be considered. *Id.*

### E. Safety of the Community

Appellant is charged with possession of cocaine with a street value of $56,000,000 to $87,500,000. While this amount certainly constitutes a huge potential of risk to the safety of the community, the State did not present any evidence from which an inference could be made that appellant would continue to be involved in creating such danger to the safety of the community.

### F. Summary

Appellant's contacts with the community, strong local family ties, long Houston residency, and the inability to post bond in the current amount all lead to the conclusion that bond in the amount of

$3,000,000 is excessive and should be reduced. However, the nature of the crime, and the circumstances surrounding the crime, especially the large amount of drugs involved, indicate a need to set bail sufficiently high to ensure appellant's appearance in court. Indeed, the State introduced evidence that a $300,000 bond had been forfeited in Harris County within the past several months.

In *Martinez–Velasco*, appellant was charged with possession of six kilograms of cocaine with intent to distribute. 666 S.W.2d at 614. This Court reduced bond from $750,000 to $375,000 primarily because of appellant's business and friendship ties in the United States. *Id.* at 616. Although the presence of strong community ties make this case similar to the *Martinez–Velasco* case, significantly more drugs (more than 100 times more) are involved here.

Setting bail is not an exact process. It is ultimately a judgment call based on a weighing of all the facts and circumstances. Deference must also be given to the trial court who observed the witnesses in person. After considering the totality of the circumstances, we hold that $3,000,-000 [2] is not excessive for the unprecedented [3] large amount of cocaine involved in this case.

### Conclusion

We affirm the judgment of the trial court.

---

**2.** Cases from this Court have set bail in six figures for significantly smaller amounts of cocaine. *See Ex parte Bonilla,* 742 S.W.2d 743 (Tex.App.—Houston [1st Dist.] 1987, no pet.) ($250,000 bail for five kilos); *Ex parte Willman,* 695 S.W.2d at 754 ($300,000 bail for 400 grams); *Ex parte Mudragon,* 666 S.W.2d 617, 618 (Tex.App.—Houston [1st Dist.] 1984, no pet.) ($250,000 bail for six kilos).

**3.** Prior to this case, the largest amount of cocaine reported in an opinion in Texas was 600 kilograms. *Sosa v. State,* 845 S.W.2d 479, 483 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). The next closest reported amount drops substantially to 81.5 kilograms of cocaine. *Rodriguez v. State,* 775 S.W.2d 27, 28 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd).