Opinion issued January 30, 2003













In The

Court of Appeals

For The

First District of Texas






NO. 01-02-01204-CR






EX PARTE OCTAVIO LUIS RIOS, Appellant






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 925524






MEMORANDUM OPINION


 Appellant, Octavio Luis Rios, requested his bail be lowered from $1,000,000
to $50,000. After the bail reduction hearing, the trial court lowered the bail to
$550,000. Appellant appeals the trial court's setting bail at $550,000, asserting it is
excessive. In the underlying case, appellant is charged with possession with the
intent to deliver a controlled substance weighing at least 400 grams, namely 4.9 kilos
of cocaine. We affirm.

 The State called Houston Police Department Sergeant Jensen, who testified that
the street value of 4.9 kilos of cocaine was about $500,000. 

 Appellant was accompanied to court by his mother, stepfather, aunt, brother,
wife, daughter, and cousins. Appellant called three of his cousins to testify, Maribel
Maldonado, Jaime Vela, and Jessica Vela. Maribel testified she had a close
relationship with appellant, seeing him two to three times a month. Appellant is
married and has one child. He leased a room and has been trying to rent it for
weddings and parties. Before that, appellant worked for a wire company and at
Magnolia Gardens Beach, booking entertainment and managing the place. 
Throughout his adult life he has been gainfully employed. All of appellant's family
live here and none of them lives outside the United States. Maribel testified appellant
would not be a flight risk, based on her familiarity with appellant and his manner with
the family, his wife, and daughter. She was willing to co-sign on his bond,
guaranteeing his appearance in court. In terms of property, she has her house.

 Jaime testified he has known appellant his entire life and sees him about one
or two times per week. He believed appellant would come to court if he were placed
on a lower bond. Appellant has an aunt living in Monterrey, Mexico to whom he is
close and with whom he visits maybe once a year. However, Jaime did not believe
appellant would run to Mexico and hide because his family here is important to him. 

 Jessica Vela, who is 21, testified that she is about appellant's age, that she has
lived in Houston her entire life, and has known appellant her entire life, growing up
with him. Their relationship is pretty close, and she and appellant try to see each
other at least once a week. She would be a co-signer on his bond, and would put up
her $25,000 truck as security because she knows appellant would not flee.

 Appellant called bail bondsman, Randy Kubosh,who testified that based on his
interview of appellant's family, he believed the family could make a $75,000 bond. 
He would take, as collateral, property, with a small lien against it, owned by the
mother. On cross-examination, Kubosh testified he was aware that people sometimes
forfeit large bonds. On redirect examination, Kubosh testified that on any bond over
$30,000, he would require appellant to call in on a daily basis, check in once a week,
stay in the Harris County area, and not travel outside the country or state.

 In his sole point of error, appellant asserts that the $550,000 bail set by the trial
court is excessive.

 There is no precise standard for reviewing bond settings on appeal. Ex parte
Pemberton, 577 S.W.2d 266, 267 (Tex. Crim. App. 1979). We are guided by article
17.15, which provides:

 (1) The bail shall be sufficiently high to give reasonable assurance that
the undertaking will be complied with.


 (2) The power to require bail is not to be so used as to make it an
instrument of oppression.


 (3) The nature of the offense and the circumstances under which it was
committed are to be considered.


 (4) The ability to make bail is to be regarded, and the proof may be
taken upon this point.


 (5) The future safety of a victim of the alleged offense and the
community shall be considered.


Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon Supp. 2003). Ex parte Bogia, 56
S.W.3d 835, 837 (Tex. App.--Houston [1st Dist.] 2001, no pet.). It is the defendant's
burden to show that the bail is excessive and he must usually show that he made an
unsuccessful effort to furnish bail in the amount fixed. Id. Other factors a reviewing
court may consider in determining the propriety of the amount of bail include
applicant's work record, family ties, length of residency, prior criminal record and
conformity with prior bonds. See Ex parte Davila, 623 S.W.2d 408, 410 (Tex. Crim.
App. 1981).

 The primary purpose of bail is to secure the presence of the defendant in court
at his trial. Ex parte Reyes, 4 S.W.3d 353, 354 (Tex. App.--Houston [1st Dist.] 1999,
no pet.). Even if appellant has established that he has strong family ties to the local
area and that his family could only afford a bail bond of $75,000, by not presenting
evidence about his personal financial resources, appellant has failed to carry his
burden of showing that bail is unreasonable. See, e.g. Ex parte Chavfull, 945 S.W.2d
183, 186 (Tex. App.--San Antonio 1997, no pet.). Without such evidence, it is
impossible to know whether the prospect of the forfeiture of $75,000 is a large
enough disincentive to appellant to assure his appearance at trial. 

 Accordingly, we affirm the trial court's order.

 

 Sam Nuchia

 Justice



Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.

Do not publish. Tex. R. App. P. 47.