Opinion issued November 10, 2003





 






In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00523-CR
____________

EX PARTE JOSE DANIEL PEQUENO-FLORES, Appellant




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 946672



 
MEMORANDUM OPINION
               Appellant, Jose Daniel Pequeno-Flores, is charged with possession of a
controlled substance, namely, cocaine weighing at least 400 grams. The trial court
initially set the bail at $5,500,000.00. Appellant filed an application for a writ of
habeas corpus and bond reduction. The trial court granted the writ and subsequently
reduced the bail to $1,500,000.00.


 Appellant appeals this decision, stating that the
amount is oppressive and unreasonable. We affirm. 
Facts and Procedural History
               On April 11, 2003, police observed appellant carrying a plastic container
into a house at 4215 Oneida in Pasadena, Texas. They later found an identical
container holding eight kilos of cocaine. It is disputed whether the container that
appellant was carrying was the same one that contained the cocaine. Officers
recovered 27.65 kilos of cocaine from a washer and dryer inside the house and an
additional 27.90 kilos from a vehicle parked in the garage, which is attached to the
house. Officers inferred that appellant was a resident of the house because, shortly
before their April 11 observations, they saw appellant coming and going from it and,
being the last person there, using keys to lock it before leaving. In addition, the house
had been under surveillance since February 2002, and police had seen appellant at the
house on other days between then and April 11. During the course of the
investigation, police recovered $690,000 in cash from a car-wheel rim being carried
by individuals leaving the house. The cash was in a container welded to the wheel
rim. The 27.90 kilos of cocaine found in the vehicle in the garage were found in
similar containers welded to the car’s wheel rims. It appeared that the money was
destined for Mexico. It is unclear from the record whether the $690,000 cash was
seized at the same time the drugs were seized. Whether the house belongs to
appellant is disputed. The cocaine has an estimated street value of $100,000 per kilo.
               Appellant is a citizen of Mexico and is in the United States on a tourist visa,
which expires in 2008. He entered the country with a border permit that was set to
expire in July of this year. He travels between the U.S. and Mexico to buy and sell
trucks. He is a resident of Nicolas De Los Garza, on the south side of Monterrey,
Mexico. Appellant presented evidence that he is the father of at least one U.S.-born
child. At the time of his arrest, appellant stated that he had been in the U.S. for three
days and was staying at a hotel near the airport. Appellant has offered to surrender
his passport and has agreed to sign a waiver of extradition. At the bond reduction
hearing, appellant presented testimony from a bail bondsman, who indicated that
appellant’s family could make a bond in the range of $10,000-$25,000. He also
testified that he did not write bonds as large as $1,500,000. Appellant did not present
evidence about his own, individual financial resources. 
Legal Authority
The amount of bail is committed to the trial court’s discretion under Texas
Code of Criminal Procedure, article 17.15. See Smith v. State, 829 S.W.2d 885, 887
(Tex. App.—Houston [1st Dist.] 1992, pet. ref’d). There is no precise standard for
reviewing bond settings on appeal, but the reviewing court is guided by the Texas
Code of Criminal Procedure. Ex Parte Pemberton, 577 S.W.2d 266, 267 (Tex. Crim.
App. 1979). It indicates that the following factors are to be considered in determining
the amount of a defendant’s bail:
          1.       The bail shall be sufficiently high to give reasonable assurance
that the undertaking will be complied with.
 
          2.       The power to require bail is not to be used as an instrument of
oppression.
 
          3.       The nature of the offense and the circumstances of its commission
are to be considered. 
 
          4.       The ability to make bail is to be regarded, and proof may be taken
on this point. 
 
          5.       The future safety of a victim of the alleged offense and the
community shall be considered. 
 
Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon Supp. 2004). The burden of proof
is upon an appellant who claims bail is excessive. Ex parte Rubac, 611 S.W.2d 848,
849 (Tex. Crim. App. 1981); Ex parte Martinez-Velasco, 666 S.W.2d 613, 614 (Tex.
App.—Houston [1st Dist.] 1984, no pet.). The primary purpose for setting bond is
to secure the presence of the defendant in court at his trial. Ex parte Vasquez, 558
S.W.2d 477, 479 (Tex. Crim. App. 1977); Ex parte Bonilla, 742 S.W.2d 743, 744
(Tex. App.—Houston [1st Dist.] 1987, no pet.). The amount of bail should be set
sufficiently high to give reasonable assurance that the accused will comply with the
undertaking, but should not be set so high as to be an instrument of oppression. Ex
parte Bufkin, 553 S.W.2d 116, 118 (Tex. Crim. App. 1977); Ex parte Willman, 695
S.W.2d 752, 753 (Tex. App.—Houston [1st Dist.] 1985, no pet.). Other factors that
should be considered include appellant’s work record, family ties, length of residency
and past criminal record. See Rubac, 611 S.W.2d at 849; see also Martinez-Velasco,
666 S.W.2d at 614-15. 
Discussion
A. Sufficient Bail to Assure Appearance But Not Oppress
     While there was no evidence directly linking appellant to the $690,000
seized during the investigation from the individuals leaving the house in question, it
was evidence tending to support the police’s theory that a drug smuggling conspiracy
was being conducted from a structure over which appellant had control. Illegal drug
transactions of the nature alleged usually require large amounts of cash and the
involvement of financial backers willing to forfeit bonds that are not sufficiently high. 
Willman, 695 S.W.2d at 753. When this is considered in conjunction with the fact
that appellant gave no evidence regarding his own personal financial resources, as
distinguished from those of his family, we conclude that appellant did not carry his
burden to show that the bail set was higher than necessary to assure his appearance
at trial or that it was being used as an instrument of oppression. See Ex parte
Chavfull, 945 S.W.2d 183, 186, 187 (Tex. App.—San Antonio 1997, no pet.)
(holding bail reduction unwarranted when, among other things, appellant put on no
evidence of his own individual resources as distinguished from those of his family).
B. Nature of the Offense
     Appellant is charged with possession with intent to deliver a controlled
substance in an amount weighing more than 400 grams. See Tex. Health & Safety
Code Ann. § 481.112(a) (Vernon 2003). This offense carries a sentence of 15 to 99
years or life and a fine not to exceed $250,000. Tex. Health & Safety Code Ann.
§ 481.112(f) (Vernon 2003). The quantity of drugs involved in this incident was in
excess of 55 kilos. 
In addition to the large amount of drugs involved, there is some concern on the
part of law enforcement officials that there is a drug smuggling operation connected
to this house, involving drugs and money transported in vehicle wheels. The nature
of the offense is serious, carries a substantial penalty, and indicates an organized drug
smuggling operation. Therefore, the nature of the offense does not favor a bond
reduction. 
C. Ability to make bail
     Appellant contends that he is unable to make bail. Testimony from a bail
bondsman is the only evidence presented to support this contention. The ability of
the defendant to make bail is one factor to be considered in reviewing a bond
decision. Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon Supp. 2004). However,
a person’s ability to pay does not control the bail. Ex parte Gentry, 615 S.W.2d 228,
231(Tex. Crim. App. 1981). It is only one factor among several to be considered. 
Ex parte Reyes, 4 S.W.3d 353, 355 (Tex. App.—Houston [1st Dist.] 1999, no pet.). 
The inability of a bail bondsman to post bond is not determinative of the amount of
bail a trial court may set in a particular case. Wright v. State, 976 S.W.2d 815, 820
(Tex App.—Houston [1st Dist.] 1998, no pet.). The mere fact that appellant’s family
could make a bail of only $25,000.00 is not a reason to reduce the bail. 
D. Other Factors
     Other factors to consider in reviewing a bond decision include appellant’s
work record, family ties, length of residency, and past criminal record. Appellant is
self-employed. He travels between Mexico and the United States buying and selling
trucks. The nature of his occupation is transient and bolsters the argument that he
poses a substantial flight risk. Moreover, although he is in the country on a legal
tourist visa, his border permit may have already expired. 
     Appellant has no real ties to the community, although he presented evidence
that at least one of his children was born here. At the time of his arrest, he listed his
residence as an airport hotel. He has not presented evidence that he can secure
employment here, has a bank account here, or has substantial ties to this community. 
Although has no previous criminal record and no previous bond history, the transient
nature of his job and his lack of significant ties to the community disfavor bond
reduction. 
Conclusion
This incident involves a large quantity of illegal drugs and cash. Appellant has
not produced evidence of his own financial resources for making bail as distinguished
from those of his family. The alleged offense carries a substantial penalty. The
appellant has no ties to the community and poses a serious flight risk because of the
nature of his job and residence in Mexico. 
Accordingly, the trial court decision to set bail at $1,500,000 is affirmed.
 
 
 
                                                                        Sam Nuchia
                                                                        Justice
 
Panel consists of Justices Hedges, Nuchia, Higley

Do not publish. Tex. R. App. P. 47.2(b).