Opinion issued May 10, 2005










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01124-CR




LLOYD QUENTEZ MCMILLIAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
 Harris County, Texas
Trial Court Cause No. 999521




MEMORANDUM OPINION
          Appellant, Lloyd Quentez McMillian, is charged with possession of a
controlled substance, namely, cocaine weighing at least 400 grams. The trial court
initially set the bail at $200,000, which it later reduced to $100,000. Appellant posted
the $100,000 bond, and, while out on bond, was arrested in another state for felony
possession of cocaine.


 Appellant’s bond was surrendered and bond was set at “no
bond.” Appellant filed an application for a writ of habeas corpus and a request that
bond be set. The trial court granted the writ and subsequently set the bail at
$750,000. Appellant appeals this decision, stating that the amount is oppressive and
unreasonable. We affirm.
Legal Authority
          The amount of bail is committed to the trial court’s discretion under Texas
Code of Criminal Procedure, article 17.15. See Smith v. State, 829 S.W.2d 885, 887
(Tex. App.—Houston [1st Dist.] 1992, pet. ref’d). It indicates that the following
factors are to be considered in determining the amount of a defendant’s bail: 
1. The bail shall be sufficiently high to give reasonable assurance that
the undertaking will be complied with. 
2. The power to require bail is not to be used as an instrument of
oppression. 
3. The nature of the offense and the circumstances of its commission are
to be considered. 
4. The ability to make bail is to be regarded, and proof may be taken on
this point. 
5. The future safety of a victim of the alleged offense and the community
shall be considered. 

Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005). The burden of proof is upon
an appellant who claims bail is excessive. Ex parte Rubac, 611 S.W.2d 848, 849
(Tex. Crim. App. 1981); Ex parte Martinez-Velasco, 666 S.W.2d 613, 614 (Tex.
App.—Houston [1st Dist.] 1984, no pet.). The primary purpose for setting bond is
to secure the presence of the defendant in court at his trial. Ex parte Vasquez, 558
S.W.2d 477, 479 (Tex. Crim. App. 1977); Ex parte Bonilla, 742 S.W.2d 743, 744
(Tex.App.—Houston [1st Dist.] 1987, no pet.). The amount of bail should be set
sufficiently high to give reasonable assurance that the accused will comply with the
undertaking, but should not be set so high as to be an instrument of oppression. Ex
parte Bufkin, 553 S.W.2d 116, 118 (Tex. Crim. App. 1977); Ex parte Willman, 695
S.W.2d 752, 753 (Tex. App.—Houston [1st Dist.] 1985, no pet.). Other factors that
should be considered include appellant’s work record, family ties, length of residency
and past criminal record. See Rubac, 611 S.W.2d at 849; see also Martinez-Velasco,
666 S.W.2d at 614-15.
Discussion
          A. Sufficiently High to Give Reasonable Assurance of Appearance 
          The record in this case shows that bail was initially set at $100,000, but that the
bond was surrendered after appellant was arrested for a subsequent felony drug
offense in Alabama. A trial court may increase the amount of bail for an offense
when the defendant commits a new offense while on bail. Miller v. State, 855 S.W.2d
92, 93-94 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d]. It is apparent from the
record that the previous $100,000 bond was insufficiently high to compel appellant’s
compliance with the previous bond conditions.
 B. Nature of the Offense
          Appellant is charged with possession with intent to deliver a controlled
substance in an amount weighing more than 400 grams. See Tex. Health & Safety
Code Ann. § 481.112(a),(f) (Vernon 2003). This offense carries a sentence of 15 to
99 years or life and a fine not to exceed $250,000. Id. The quantity of drugs
involved in this incident was over 400 grams of cocaine. “[I]n cases involving illegal
transportation and sale of drugs, a higher bond may be required, because of the very
nature of the offense. Illegal drug transactions of the nature alleged usually require
large amounts of case and the involvement of financial backers willing to forfeit
bonds that are not sufficiently high.” Ex parte Willman, 695 S.W.2d at 753. The
nature of the offense is serious, carries a substantial penalty, and does not favor a
bond reduction.
C. Ability to make bail
          Appellant contends that he is unable to make bail on his own. He testified that
he is a college student at Alabama A & M, and that he is supported financially by his
parents. Appellant testified that his parents would be able to make only a $15,000 to
$20,000 bond because they had exhausted some of their funds in making the first
$100,000 bond. 
          The ability of the defendant to make bail is one factor to be considered in
reviewing a bond decision. Tex. Code Crim. Proc. Ann. art. 17.15. However, a
person’s ability to pay does not control the bail. Ex parte Gentry, 615 S.W.2d 228,
231(Tex. Crim. App. 1981). It is only one factor among several to be considered. Ex
parte Reyes, 4 S.W.3d 353, 355 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The
mere fact that appellant’s family could make a bail of only $20,000 is not a reason to
reduce the bail.
          D. Future Safety of the Community
          Under this factor, the State points out that appellant’s continued participation
in the drug business, after his release on bond in this case, is evidence that the
community will continue to be harmed by appellant while he is on bond. We agree
that this factor, in light of appellant’s recidivism, weighs against the reduction of
appellant’s bond.
          E. Other Factors
          Other factors to consider in reviewing a bond decision include appellant’s work
record, family ties, length of residency, and past criminal record. Appellant is an
college student who is supported by his parents. He is not a resident of Texas, has
never lived in Texas, and has no plans for ever living in Texas. He has no ties to this
community at all, other than one uncle, with whom he would not live if granted bond. 
Appellant testified that if granted bond, he would return to Alabama. 
          Although appellant has no previous criminal record, he does, as mentioned
earlier, have a prior bond that was surrendered for failure to comply with the terms
of the bond. These factors weigh against the reduction of appellant’s bond.
Conclusion
          This incident involves a large quantity of illegal drugs. The alleged offense
carries a substantial penalty. The appellant has no ties to the community, and has
shown that he is unable to comply with the conditions of his bond, as evidenced by
the surrender of his previous bond.
          Accordingly, the trial court’s decision to set bail at $750,000 is affirmed.
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Taft and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).