Opinion issued June 30, 2005 


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00282-CR
NO. 01-05-00480-CR
NO. 01-05-00481-CR
NO. 01-05-00482-CR
NO. 01-05-00483-CR
NO. 01-05-00484-CR
NO. 01-05-00485-CR
__________
 
EX PARTE TERRENCE LYNN JAMES,
 

 
 
On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause Nos. 48,610; 48,611; 48,612; 48,613; 48,614; 48,615; 48,616
 

 
 
MEMORANDUM OPINION
          Appellant, Terrence Lynn James, challenges the trial court’s denial of his
applications for writs of habeas corpus in seven separate cases. In five of the cases,
appellant stands accused of five separate state jail felony offenses of unlawful
restraint of a child younger than 17 years of age.


 In the other two cases, appellant
stands accused of the felony offenses of unlawful restraint of a public servant


 and
assault on a public servant.


 After a hearing on appellant’s applications, the trial
court made a finding of probable cause and reduced James’s bail to $12,500 in each
of the five unlawful restraint of a child cases, $12,500 in the unlawful restraint of a
public servant case, and $25,000 in the assault on a public servant case, for an
aggregate bond of $100,000. 
          In seven issues, James argues that the trial court erred in denying him habeas
corpus relief because (1) the setting of bail was not regulated by the magistrate, (2)
the commitment orders are void as appellant “did not have adequate notice of the
charges” against him, (3) the trial court did not reduce the bail sufficiently to
overcome the excessiveness of the bail, (4) the trial court did not sufficiently reduce
the bail to overcome the oppressive nature of the bail, (5) no condition existed
warranting the posting of a new bond, (6) probable cause did not “exist to charge
[him] with the offenses charged,” and (7) requirements of random urine analysis and
reporting to a probation officer were improper conditions for bail reductions. We
affirm.
Factual and Procedural Background
          In these seven separate cases, the State accuses appellant of stopping a school
bus containing five children, striking the driver several times, knocking her from her
seat, and attempting to take the bus driver’s seat. A justice of the peace originally set
the bail at $25,000 for each unlawful restraint of a child case, $25,000 for the
unlawful restraint of a public servant case, and $30,000 for the assault on a public
servant case, for a total bond of $180,000. James requested a hearing from the district
court to reduce his bail and seek “release for lack of probable cause.” 
          At the hearing, appellant testified that he resided in West Columbia, Texas, that
he was not employed, that he was a student at Columbia High School, and that he was
eighteen years old. Appellant stated that he had previously been charged in regard
to the underlying incident with “six counts of false imprisonment,” “one count of
criminal mischief,” and “one count of aggravated assault on a bus driver.” He also
testified that the bail set for these original cases totaled $24,000, and that he had
posted bond.


 One week after posting bond in the original cases, appellant was
rearrested in regard to the instant cases. Appellant stated that he did not know the
amount of bail in the new cases, but that he did not have any money to post bond in
the new cases. 
          Appellant testified that he stopped the school bus because he thought that the
“devil was chasing [him]” and he needed help. He thought he asked the driver to get
him to a church, and he was not aware that he hit the bus driver, that he was sitting
on the bus driver’s seat, or that there were children on the bus. Appellant agreed that
he had not made any attempts to post bond in the new cases. 
          During appellant’s testimony, the State introduced into evidence the probable
cause affidavits regarding the offenses of unlawful restraint of child, unlawful
restraint of a public servant, and assault of a public servant. In these affidavits, a
police officer testified that the bus driver stated that James stopped the school bus by
running in front of it, waving, and asking for help. The bus driver also stated that
when she opened her side window, James struck her in the face, climbed into the
school bus, struck her several more times, knocked her from the driver’s seat, sat in
the seat, and placed his hands on the steering wheel. The driver then reached for the
keys and removed them from the ignition. The driver also stated that, at the time of
this incident, there were five children on the bus. 
          Appellant’s father testified that he lived in California, was employed by the
U.S. Marine Corps, had another child in California, and had been in Brazoria County
for one week to address this situation. He further testified that he did not have any
savings and that he had exhausted other family resources in posting bond in the
original cases. He spoke with the bondsman, and was told that they would not get the
money back in regard to the dismissed cases. He further testified that he could not
raise 10% of the new aggregate bail amount of $180,000. He stated that he would
ensure that appellant would make all court appearances, and that appellant would
comply with any requirements set by the court. He noted that appellant lives with his
aunt, and that his aunt did not have the funds to post bond. On cross-examination,
he stated that he would be returning to California, but that he could ensure that
appellant would appear in court because appellant was in his aunt’s control. He
stated that appellant may have used narcotics at one time, but would not say whether
appellant was on narcotics at the time of the incident. He agreed that he did not
specifically ask the bondsman about the new bail, but that he assumed he would need
to provide 10% of the total bond amount to obtain the bond for appellant.
          Appellant’s mother testified that she lives in Garland, Texas. She stated that
appellant had been suspended from high school. She also stated that the bail was
excessive, that she was unemployed due to a disability, and that family and friends
who had assisted with posting the previous bonds could not assist in posting the new
bonds. She conceded that she had not spoken with the bondsman about posting the
new bonds, though she did ask whether the money previously posted could be applied
to the new bonds. 
          She further stated that appellant told her that he did not remember anything
about the incident. When she spoke with family members at the scene, they agreed
that appellant did not know what was going on at the time. She believes appellant
was on narcotics at the time of the incident. 
Setting of Bail
          In his first issue, appellant contends that the setting of bail was not regulated
by the magistrate, but instead was regulated by the district attorney. Appellant alleges
that the justice of the peace stated, in setting the bail, that he was “bound by the
instructions given by the district attorney.” Appellant argues that the district attorney
lacked authority to control the amount of bail set by the magistrate.
          However, appellant did not preserve this issue for our review because he did
not raise this complaint to the district court in his applications for writs of habeas
corpus or at the hearing. Tex. R. App. P. 33.1. We also note that the trial court
reduced the bail initially set by the justice of the peace, and that appellant does not
allege that the district attorney exercised undue influence over the district court.
          We overrule appellant’s first issue.
Commitment Orders
          In his second issue, appellant argues that the commitment orders are void
because he “did not have adequate notice of the charges.” In support of this
argument, appellant asserts that although the commitment orders state that probable
cause affidavits were attached to them, no such affidavits were in fact attached, and
thus he was denied due process. Appellant contends that the State’s failure to attach
the probable cause affidavits violated his Sixth Amendment


 right to be informed of
the nature and cause of the accusations against him.
          The Texas Code of Criminal Procedure provides that a commitment order,
signed by the proper magistrate directing a sheriff to receive and place in jail the
person so committed, is sufficient if it has the following requisites:1.       That it run in the name of “The State of Texas”;
 
2.       That it be addressed to the sheriff of the county to the jail of
which the defendant is committed;

3.       That it state in plain language the offense for which the defendant
is committed, and give his name, if it be known, or if unknown,
contain an accurate description of the defendant;
 
4.       That it state to what court and at what time the defendant is to be
held to answer;
 
5.       When the prisoner is sent out of the county where the prosecution
arose, the warrant of commitment shall state that there is no safe
jail in the proper county; and 
 
6.       If bail has been granted, the amount of bail shall be stated in the
warrant of commitment.

Tex. Code Crim. Proc. Ann. art 16.20 (Vernon 2005). 
          Here, while the commitment orders state that “[p]robable cause for further
detention exists, as evidenced by police officer’s probable cause affidavit attached
hereto,” there is no statutory requirement that a probable cause affidavit be attached
to a commitment order for the order to be valid. Additionally, we note that the
probable cause affidavits were filed with the court on February 28, 2005, prior to the
entry of the commitment orders on March 1, 2005.
          We overrule appellant’s second issue.
Excessiveness of Bail
          In his third issue, appellant contends that the trial court erred in not reducing
bail sufficiently to overcome the excessive nature of the bail. Appellant notes that,
in seven original cases, he was initially accused of six separate offenses of false
imprisonment and the offense of aggravated assault, that the aggregate bail set in the
original cases was $24,000, and that he posted bond. Five days after posting bond in
these cases, appellant was rearrested in regard to the new cases, and the aggregate
amount of the bail set in these new cases totaled $180,000. After the bail-reduction
hearing, the district court set the bail at $12,500 in each unlawful restraint of a child
case, $12,500 in the unlawful restraint of a public servant case, and $25,000 in the
assault on a public servant case, for a total bond of $100,000. Appellant contends
that the requirement to make bail in the new cases violates article 17.09 of the Texas
Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 17.09 (Vernon
2005).  
          In support of his argument that the aggregate amount of the bail, even after
being reduced to $100,000, is still excessive, appellant asserts that he is an
unemployed student who owns no property and has no means of obtaining sufficient
funds to post bond. He also asserts that his mother is disabled and unemployed, has
no property or resources from which to obtain funds, and has used any available
resources to post bond in the original cases. Moreover, his father is stationed in
California with the United States Marine Corps, lives in an apartment, and has no
property or collateral.  
          The State asserts that appellant is charged with a “violent and potentially
horrific crime,” that appellant was probably under the influence of narcotics during
the offenses, and that appellant is charged with five state jail felonies and two third
degree felonies. The State argues that appellant is a flight risk because he is 18 years
old, has been suspended from school, and is living in the county with his aunt. The
State also notes that appellant’s father lives in California and that his mother lives in
Garland, Texas. Furthermore, the State emphasizes that appellant presented no
evidence on how long appellant lived in the county, whether he had any other ties to
the county, and whether any of his family members ever checked with a bondsman
as to whether they could post bond in the new cases. 
          We review a trial court’s setting of bail for an abuse of discretion. See Ex parte
Rubac, 611 S.W.2d 848, 850 (Tex. Crim. App. 1981); Ex parte Ruiz, 129 S.W.3d 751,
753 (Tex. App.—Houston [1st Dist.] 2004, no pet.). A trial court should consider the
following factors in setting a defendant’s bail:
1. The bail shall be sufficiently high to give reasonable assurance
that the undertaking will be complied with.
 
2.The power to require bail is not to be used as an instrument of
oppression.
 
3.The nature of the offense and the circumstances of its commission
are to be considered.
 
4.The ability to make bail is to be regarded, and proof may be taken
on this point.
 
5.The future safety of a victim of the alleged offense and the
community shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005). 
           The primary purpose for setting bail is to secure the presence of the defendant
in court at his trial. Ex parte Vasquez, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977);
Ex parte Bonilla, 742 S.W.2d 743, 744 (Tex. App.—Houston [1st Dist.] 1987, no
pet.). The amount of bail should be set sufficiently high to give reasonable assurance
that the accused will comply with the undertaking, but should not be set so high as
to be an instrument of oppression. Ex parte Bufkin, 553 S.W.2d 116, 118 (Tex. Crim.
App. 1977); Ex parte Willman, 695 S.W.2d 752, 753 (Tex. App.—Houston [1st Dist.]
1985, no pet.). The primary factors to be considered in determining what constitutes
reasonable bail are the punishment that can be imposed and the nature of the offense. 
Rubac, 611 S.W.2d at 849. Courts should also consider the defendant’s work record,
family and community ties, length of residency, and past criminal record. See Rubac,
611 S.W.2d at 849; see also Ex parte Martinez-Velasco, 666 S.W.2d 613, 614–15
(Tex. App.—Houston [1st Dist.] 1984, no pet.). The ability to make bail, alone, does
not control the amount of bail. Ex Parte Charlesworth, 600 S.W.2d 316, 317 (Tex.
Crim. App. 1980). A defendant has the burden to demonstrate that bail is excessive. 
See Rubac, 611 S.W.2d at 849; Martinez-Velasco, 666 S.W.2d at 614. 
Nature of the offenses
          The State alleges that appellant engaged in violence against a public servant,
and, but for the alleged actions of the bus driver, the consequences of appellant’s
actions could have been more serious. The State further alleges that appellant
stopped a school bus, struck the driver multiple times, knocked her from her seat, and
sat in the seat. The State asserts that after being attacked, the driver was able to pull
the keys from the ignition to prevent the situation from escalating. The evidence
indicates that there were five elementary school children on the bus at the time of the
incident. 
          Appellant stands accused of five separate offenses of unlawful restraint of a
chid, a state jail felony punishable by confinement for no more than two years and no
less than 180 days and a fine of no more than $10,000. Tex. Pen. Code Ann.
§§ 12.35, 20.02(c)(1) (Vernon Supp. 2004–2005). Appellant also stands accused of
the offenses of unlawful restraint of a public servant and assault on a public servant,
both third degree felonies, each punishable by confinement for no more than ten years
and no less than two years and a fine of no more than $10,000. Tex. Pen. Code Ann.
§§ 20.02(c)(2)(B), 22.01(b)(1) (Vernon Supp. 2004–2005).
          We note that the bail amounts set for other third-degree felonies and state jail
felonies appear to be wide-ranging, and turn heavily on the circumstances of the
individual case. Ex Parte Bogia, 56 S.W.3d 835, 840 (Tex. App.—Houston [1st
Dist.] 2001, no pet.) (bail for second degree felony theft, but with likely punishment
range more comparable to punishment range for third degree felony, reduced to
$10,000); In re Hulin, 31 S.W.3d 754, 755 (Tex. App.—Houston [1st Dist.] 2000, no
pet.) (bail of $50,000 for third degree felony of criminal solicitation of a minor not
excessive); Ex parte McCullough, 993 S.W.2d 836, 836-37 (Tex. App.—Waco 1999,
no pet.) (bail of $25,000 for three counts of injury to an elderly person, a third degree
felony, not excessive).
Ability to make bail
          In regard to appellant’s ability to make bail, appellant did not present evidence
concerning his father’s salary, nor did he present any specific evidence concerning
his aunt’s assets. The only evidence presented that related to the aunt’s ability to
make bail was his father’s testimony that she “didn’t have the funds.” However,
appellant, his father, and his mother all testified that they had no additional resources
to make the aggregate bail of $180,000, and that they had exhausted any available
resources in posting bond on the original cases. Appellant also presented evidence
that he is a student, that his mother is disabled and unemployed, and that his father
lives out of state and has no savings or collateral to apply to posting the new bonds.
 
Sufficiency of bail to assure appearance
          The evidence shows that appellant, an 18 year old student, had recently been
suspended from school. Appellant was living with an aunt, who did not testify at the
hearing. There is no evidence in the record concerning the aunt’s ties to Brazoria
County, including her employment history, nor was there any testimony about the
relationship between appellant and his aunt and the control the aunt exercised over
appellant. Appellant’s father lives in California, and appellant’s mother lives in
Garland, Texas. Appellant’s father was only able to testify that appellant would be
present at future court appearances because appellant was in the control of his aunt.
There is no evidence of any other ties appellant, or his aunt, had with Brazoria
County.
Safety of victims and community 
          Finally, we note that neither party presented any testimony specifically
addressing the future safety of the victims and the safety of the community, and the
State did not present any evidence indicating that appellant had a prior criminal
record. 
          In sum, appellant is accused, in seven separate cases, of the offenses of
unlawful restraint of children and a public servant in addition to the offense of
assaulting a public servant. Although he presented evidence of his inability to make
bail, there is no evidence establishing that appellant, who is suspended from school,
has any significant ties to Brazoria County. Moreover, the bail amount set in this
case appears to be well within the wide range of bail set in other stated jail felony and
third degree felony cases. Considering the evidence of the nature of the offenses, the
appellant’s inability to make bail, and appellant’s lack of any strong ties to the
county, we hold that the trial court did not abuse its discretion in setting the bail at
$12,500 in each of the five of unlawful restraint of a child cases, $12,500 in the 
unlawful restraint of a public servant case, and $25,000 in the assault on a public
servant case, for an aggregate bail of $100,000. 
          We overrule appellant’s third issue.
Prosecutorial Vindictiveness and Oppression
          In his fourth issue, appellant contends that the trial court erred in not
sufficiently reducing the bail set to overcome its oppressive nature. In support of this
issue, appellant argues that in light of the media publicity surrounding the offenses,
the district attorney “feels duty bound to punish [appellant] to ensure that he remains
jailed until his trial,” and that the State has engaged in prosecutorial vindictiveness
and oppression. 
           A claim of prosecutorial vindictiveness may be established by (1) proof of
circumstances that pose a “realistic likelihood” of such misconduct sufficient to raise
a “presumption of prosecutorial vindictiveness,” which the State must rebut or face
dismissal of the charges, or (2) proof of actual vindictiveness by presenting direct
evidence that the prosecutor’s charging decision is an unjustifiable penalty resulting
solely from the defendant’s exercise of a protected legal right. Neal v. State, 150
S.W.3d 169, 173 (Tex. Crim. App. 2004).
          Appellant’s arguments in support of his claim of prosecutorial vindictiveness
are difficult to follow. To some extent, appellant repeats his contention that bail is
excessive. Appellant does allege that media publicity gave rise to the prosecutor’s
vindictiveness, but appellant did not make any reference to this argument in the trial
court and does not provide any citations to the record to support this claim. Appellant
did not present any evidence supporting his contention of prosecutorial vindictiveness
to either the trial court or this Court, and thus has waived this issue for our review. 
Tex. R. App. P. 33.1.
           We overrule appellant’s fourth issue. 
Posting of New Bond
          In his fifth issue, appellant contends that no condition existed warranting the
posting of a new bond, and that the requirement for posting a new bond was made in
violation of article 17.09. Appellant notes that he has not committed any intervening
acts which would require a new bond.
          Although the record is unclear on the procedural history of the seven original
cases, the parties appear to agree in their briefing that the cases concerned less serious
offenses and that the aggregate bail set in these cases was $24,000. A week later,
appellant was rearrested in regard to the present cases, and all of the original cases,
except the aggravated assault on a police officer case and the criminal mischief case,
were dismissed. 
          Article 17.09 provides, in pertinent part:
          Sec. 2.         When a defendant has once given bail for his
appearance in answer to a criminal charge, he shall
not be required to give another bond in the course of
the same criminal action except as herein provided.
 
          Sec. 3.         Provided that whenever, during the course of the
action, the judge or magistrate in whose court such
action is pending finds that the bond is defective,
excessive or insufficient in amount, or that the
sureties, if any, are not acceptable, or for any other
good and sufficient cause, such judge or magistrate
may, either in term-time or in vacation, order the
accused to be rearrested and require the accused to
give another bond in such amount as the judge or
magistrate may deem proper. . . . 
 
Tex. Code Crim. Proc. Ann. art. 17.09.
          Appellant complains that there was no showing by the State or the court that
the previous bond was insufficient or that good cause existed to increase the bond. 
However, article 17.09 does not control in this instance. Here, the State dismissed
certain cases, and rearrested appellant in regard to new cases alleging more serious
offenses. Appellant is only complaining about the amount of the bail set in these new
cases, but nothing in article 17.09 prohibits the State from electing to file new cases
alleging more serious offenses and requiring a new bond. Furthermore, article 17.09
specifically provides that a judge or magistrate may find that the bail originally set
is defective or insufficient in amount and that the accused should be rearrested and
required to make bail in such an amount as the judge or magistrate may deem proper. 
Id.
          We overrule appellant’s fifth issue.
Probable Cause
          In his sixth issue, appellant contends that he “is being held without probable
cause.” Although unclear, it appears that appellant is challenging the trial court’s
finding, made in the respective commitment orders, that “probable cause for further
detention exists, as evidenced by police officer’s probable cause affidavit[s].”
          However, a Brazoria County grand jury has returned true bills of indictment,
accusing appellant of the offenses of unlawful restraint of a child, unlawful restraint
of a public servant, and assault on a public servant. The return of an indictment
establishes probable cause as a matter of law, rendering appellant’s complaints moot. 
Ex Parte Plumb, 595 S.W.2d 544, 545 (Tex. Crim. App. [Panel Op.] 1980). 
          We overrule appellant’s sixth issue.



Conditions for Bail Reduction
          In his seventh issue, appellant contends that the trial court abused its discretion
in requiring appellant, as a condition of the grant of bail reduction, to undergo
random urine analysis and report twice a month to the Brazoria County Adult
Probation Department. Appellant argues that there was no evidence submitted
regarding appellant’s use or abuse of narcotics.
          At the bail reduction hearing, appellant’s mother testified that a police officer
told her that appellant was under the influence of a hallucinogen at the time of his
arrest. She also testified that she shared this opinion. In response to the mother’s
testimony, appellant argues that the State exceeded the scope of cross-examination
and that her testimony was hearsay. However, no such objection was made in the trial
court. Additionally, appellant testified that he did not remember any details of the
incident. Moreover, evidence also indicated that appellant lacked significant ties to
the community. 
          Initially, we note that the Code of Criminal Procedure provides that “[t]o secure
a defendant’s attendance at trial, a magistrate may impose any reasonable condition
of bond related to the safety of a victim of the alleged offense or to the safety of the
community.” Tex. Code Crim. Pro. Ann. art. 17.40(a) (Vernon 2005). We also note
that the Code further provides that a magistrate may require, as a condition of release
on bond, that the defendant submit to home confinement, electronic monitoring, and
drug testing for the presence of controlled substances. Tex. Code Crim. Proc. Ann.
art. 17.44 (Vernon 2005). However, we do not address whether the trial court abused
its discretion in imposing these conditions on appellant because appellant did not
raise these issues before the district court. Thus, appellant has waived this issue for
our review. Tex. R. App. P. 33.1.
          We overrule appellant’s seventh issue.
 
 
 
 
 
 
 
 
                                                         Conclusion
          We affirm the trial court’s orders setting bail at $12,500 in each of the five
unlawful restraint of a child cases,


 $12,500 in the unlawful restraint of a public
servant case,


 and $25,000 in the assault of a public servant case.



 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Jennings and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).