**Ex parte Cecil STEMBRIDGE.**

**No. 44762.**

Court of Criminal Appeals of Texas.

Oct. 20, 1971.

———◆———

Anderson & Farr by Henry J. Anderson, Wichita Falls, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding in which the trial court refused to set bond by order dated September 7, 1971.

Applicant seeks bail pending appeal from revocation of a ten year probated sentence for the offense of burglary. Testimony was offered at the hearing by applicant's wife that a $7,500 bond could be made or possibly a $10,000 bond, but that would be the maximum.

Since this appeal has been received by this court, the trial court set bail at $20,-000, on October 7, 1971, as reflected by supplemental transcript filed in this court on October 11, 1971.

In Ex parte Morgan, 461 S.W.2d 406, where bond had been set at $15,000 in each of two cases by the trial court after a habeas corpus proceeding, this court said:

"There is nothing in the record before us to show that appellant has made any effort to furnish bail in the reduced amount fixed by the court. While there was testimony at the habeas hearing by the appellant that he could 'possibly' make '$5,000.00 per case,' there is no showing that he made any effort to make bail in the two cases in the amount fixed by the court."

This court has consistently held where bail is reduced upon habeas corpus hearing, before complaint can be heard on appeal as to the amount fixed, the accused must show that he has made an effort to furnish bail in that amount. Morgan, supra.; Ex parte Jones, 449 S.W.2d 59; Ex parte Toppings, 422 S.W.2d 459; Ex parte Vernon, 397 S.W.2d 224; Ex parte Rae, 403 S.W.2d 416; Ex parte Gillmore, 369 S.W.2d 356.

Absent a showing by applicant that an effort has been made to furnish bail in the amount fixed by the trial court, we cannot say the trial court abused its discretion in fixing bail at $20,000 and that same is excessive.

The judgment is affirmed.

Opinion approved by the Court.