Christina TONJES, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0214–CR.

Court of Appeals of Texas, Tyler.

Jan. 21, 1982.

Discretionary Review Refused May 5, 1982.

Clifton Holmes, Kilgore, for appellant.

Robert Foster, Longview, for appellee.

## PER CURIAM.

This is an appeal from an order entered in a habeas corpus proceeding in the 124th Judicial District Court of Gregg County, Texas, reducing bail for the appellant, Christina Burknette Tonjes, from $1 million to $500,000. Appellant was charged with aggravated possession of marihuana.[1]

Appellant and two other persons, Fred Tonjes, her former husband, and Charles Brians, were arrested on December 9, 1981, in Gregg County, Texas. All three were taken before the Justice of the Peace, Precinct No. 1, Gregg County, Texas, where bonds of $1 million each were set. Christina Tonjes brought a writ of habeas corpus seeking a reduction in her bond. The district court subsequently reduced appellant's bond to $500,000.

At the bond reduction hearing Donna Tonjes, the present wife of Fred Tonjes, testified that she had known appellant for seven years, knew her current financial sit-

uation, and that Christina Tonjes only made $200 per week as a sales person. Donna Tonjes further testified that Christina Tonjes had one child who had medical problems, that Fred Tonjes had to help Christina Tonjes with the child's medical expenses, that Christina had no one to help her with her bond, and had no other financial resources.

Donald Kilarick, a professional bondsman, testified that he had examined Christina Tonjes' ability to make bail and had determined she would not be able to make $1 million bond. He further testified his fee for making a bond would be 15% of the amount of bail.

The State then presented witness Robert Lewis Gerber, a special agent with the U.S. Customs Service from Dallas. He testified that he specialized in narcotic conspiracies involving air trafficking. Gerber testified that he knew Christina Tonjes, and based this acquaintance with her on a conspiracy investigation which he had conducted for approximately one year. Gerber stated that there had been an ongoing investigation of Christina Tonjes since January 1981, and the activities he had investigated her for were similar in nature to the one that was before the trial court in the bond reduction hearing, namely the smuggling of narcotics into the United States from foreign countries.

At the conclusion of the hearing the court reduced bail from $1 million to $500,000. This appeal results.

Before reaching the merits of appellant's appeal, we must first consider the State's contention that this court is without jurisdiction. The State argues that the Texas Constitution only gives the power to issue writs of habeas corpus to the Court of Criminal Appeals. Article V, Section (5) of the Texas Constitution was amended in 1980 to read as follows in pertinent part:

---

1. The offense of aggravated possession of marihuana is found at art. 4476–15, § 4.051(c) (Vernon 1982) of the Texas Controlled Substances Act. The legislature, however, passed two entirely different § 4.051 amendments to the Texas Controlled Substances Act. *Compare* 1981 Tex.Sess.Law Serv., ch. 268, § 4.051, at 702–03 (Vernon) (Unlawful possession of marihuana) with 1981 Tex.Sess. Law Serv., ch. 276, § 4.051, at 741 (Vernon) (Delivery of controlled substance to minor).

"subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the judges thereof shall have the power to issue the writ of habeas corpus . . . ." The State claims that without a specific constitutional delegation of power, the courts of appeal have no authority to decide such appeals.

We disagree.

When Section (5) of Article V was amended in 1980, so was Section (6) of the same article. It now reads, in part:

Section (6). The Legislature shall divide the State into such Supreme Judicial Districts as the population and business may require, and shall establish a Court of Appeals in each of said Districts, which shall consist of a Chief Justice and at least two (2) Associate Justices, who shall have the qualifications as herein prescribed of the Supreme Court. The Court of Appeals may sit in Sections as authorized by law. The concurrence of a majority of the Judges sitting in a Section is necessary to decide a case. Said Court of Appeals shall have Appellate Jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have Original or Appellate Jurisdiction, under such restrictions and regulations as may be prescribed by law. Provided, that the decision of said Court shall be conclusive on all questions of fact brought before them on appeal or error. *Said Court shall have such other jurisdiction, Original and Appellate, as may be prescribed by law . . . . (Emphasis ours.)*

Pursuant to this constitutional grant of authority the legislature passed Article 44.-38 Tex.Code Crim.Pro. (Vernon Supp. 1982) giving courts of appeal jurisdiction to hear appeals arising from habeas corpus proceedings.

Having concluded that this court has jurisdiction, we next consider whether the district court abused its discretion in setting bond at $500,000.

■ The burden of proof in a habeas corpus hearing is upon the appellant. *Ex Parte Clark*, 537 S.W.2d 40, 41 (Tex.Cr.App. 1976).

■ Article 17.15, Vernon's Ann.C.C.P., provides:

The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

In the instant case it was shown that appellant was a sales clerk with an income of about $200 per week. Appellant also had to care for a child who had medical problems. It is apparent that she can expect little financial aid from friends or relatives.

It is well established that the ability or inability of an accused to make bail does not, alone, control in determining the amount of bail. *Ex Parte Keller*, 595 S.W.2d 531, 533 (Tex.Cr.App.1980). However, it is an element to be considered along with other statutory factors.

■ The nature of the offense and the circumstances under which it was committed are also to be considered, and this necessarily involves the punishment permitted by law. *Ex Parte Clark*, 537 S.W.2d 40, 42 (Tex.Cr.App. 1976). Upon conviction, Christina Tonjes would be subject to confinement in the Texas Department of Corrections for a term of not less than 10 years, and could receive a life sentence. She would also be subject to a fine not to exceed $100,000. See Section 4.051(d)(2), Controlled Substances Act, Art. 4476–15, Vernon's Tex.Civ.Stat. (Supp. 1982).

■ While bail should be sufficiently high to give reasonable assurances that the defendant will appear for trial, the power to require bail is not to be so used as to make it an instrument of oppression. *Ex Parte Vance*, 608 S.W.2d 681, 682 (Tex.Cr. App.1980).

■ Taking into consideration the foregoing, we find the bail set was excessive. Appellant's request for a reduction of bail is granted, and bail is set in the sum of $100,-000.

It is so ordered.

---

1. The offense of aggravated possession of marihuana is found at art. 4476–15, § 4.051(c) (Vernon 1982) of the *Texas Controlled Substances* Act. The legislature, however, passed two entirely different § 4.051 amendments to the Texas Controlled Substances Act. *Compare* 1981 Tex.Sess.Law Serv., ch. 268, § 4.051, at 702–03 (Vernon) (Unlawful possession of marihuana) *with* 1981 Tex.Sess.Law Serv., ch. 276, § 4.051, at 741 (Vernon) (Delivery of controlled substance to minor).