**Ex parte Carlos Alberto BONILLA.**

No. 01–87–00833–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 19, 1987.

**744**

Jerry Patchen, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Houston, for appellee.

## OPINION

LEVY, Justice.

This is an appeal from a denial of habeas corpus relief. Appellant was indicted for the offense of delivery of a controlled substance, and bail was set at $250,000.

Following a hearing on appellant's habeas corpus, the trial court set bond at one million dollars.

In his application for a writ of habeas corpus, the appellant alleged that the trial court erred in refusing to set a reasonable bail, in violation of the United States and Texas Constitutions.

The guidelines for setting bail are set out in Tex.Code Crim.P.Ann. art. 17.15 (Vernon Supp.1987). In pertinent part it states:

The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
2. The power to require bail is not to be so used as to make it an instrument of oppression.
3. The nature of the offense and the circumstances under which it was committed are to be considered.
4. The ability to make bail is to be regarded, and proof may be taken upon this point.
5. The future safety of a victim of the alleged offense may be considered.

The burden is on the appellant to show that the bail set is excessive. *Ex parte Charlesworth*, 600 S.W.2d 316 (Tex.Crim. App.1980). Although the ability or inability of an accused to make bail is a factor to be considered, ability alone, even indigency, does not control in determining the amount of bail. *Tonjes v. State*, 627 S.W.2d 814 (Tex.App.—Tyler 1982, no pet.).

The primary purpose of an appearance bond is to secure the presence of the defendant in court at his trial. *Ex parte Vasquez*, 558 S.W.2d 477 (Tex.Crim.App. 1977). The fact that a person is not a United States citizen is a factor to be considered. *See Ex parte Rodriguez*, 595 S.W.2d 549 (Tex.Crim.App.1980). While bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with, the power to require bail cannot be used as an instrument of oppression. *Ex parte Ivey*, 594 S.W.2d 98 (Tex.Crim.App.1980). When bail is used in lieu of punishment, it becomes excessive in the constitutional sense. *Cohen v. United States*, 82 S.Ct. 526, 7 L.Ed.2d 518 (1962).

At the hearing, Fernando Villasana, an undercover Harris County police officer assigned to the narcotics division, testified that on September 2, 1987, he and his partner, Officer Kay Montalvo, met the appellant and his co-defendant, Felipe, at a designated location. He stated that he was supposed to give the appellant $130,000 cash in exchange for "5 kilos" of cocaine. After Villasana showed the $130,000 to Felipe, the appellant drove Villasana to another location where a vehicle was parked. The appellant opened the trunk of the vehicle and removed a grocery bag containing over 5,000 grams of cocaine. He handed the bag to Villasana, and, after inspecting the cocaine, Villasana placed the bag back into the trunk. The men drove back to the location where co-defendant Felipe and Officer Montalvo were waiting. Once they arrived, the appellant was arrested. Villa-

sana estimated the "street value" of the cocaine to be approximately $500,000.

The 26–year–old appellant testified that he is a citizen of Columbia. He came to the United States in December, 1985, to pursue his studies. He had 14 years of education, and has lived in Houston for 19 months. He took English courses at Pasadena High School, and attempted to register at Houston Community College but was not permitted to do so because he was "illegal" and did not "have sufficient requirements." When he first came to Houston, he worked at Burger King. Since July, 1986, he has been working at American Gear and United Valve Supply, Inc. From July, 1986, until August, 1987, he earned approximately $7,000. He stated that he had approximately $1,000 available to make bail, and that his only asset consisted of a Camaro, valued at $750. He has never been convicted of an offense in the United States. Since June, 1987, he has leased an apartment with his girlfriend at $235 per month.

The unlawful delivery of 400 grams or more of cocaine is a felony of the first degree. Tex.Ann.Rev.Civ.St. art. 4476–15 (Vernon Supp.1987). If convicted, appellant would be subject to punishment by confinement in the Texas Department of Corrections for life or any term of not more than 99 years or less than 15 years. In addition to imprisonment, he may be punished by a fine not to exceed $250,000.

Balancing the factors of petitioner's financial condition, and lack of a criminal record against evidence showing his poor family and community ties, the nature and circumstances surrounding the offense, and the potential punishment that could be assessed, we conclude that the bail set is excessive. We vacate the order appealed from the trial court and reduce the bail to $250,000.

It is so ORDERED.

JACK SMITH and HOYT, JJ., also participating.