NO. 07-03-0094-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 22, 2003



______________________________




FRANK GONZALEZ HERNANDEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NO. 11296; HONORABLE STEVEN R. EMMERT, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Frank Gonzalez Hernandez appeals from the trial court's refusal to reduce his bond. 
We affirm. 

 Appellant is incarcerated in Wheeler County pursuant to arrest for possession of
a controlled substance, cocaine, over 400 grams. Bond has been set at $150,000. 

 Via habeas corpus motion and hearing, appellant sought reduction of the bond. 
Appellant did not offer evidence of his income, net worth, financial status, funds available
to him through family and friends or attempts to make bond. He testified that he could not
make the bond set.

 The standard by which we review the amount of a bond is abuse of discretion. See
Ex parte Rubac, 611 S.W.2d 848, 849-50 (Tex.Crim.App. 1981); Ex parte Milburn, 8
S.W.3d 422, 424 (Tex.App.--Amarillo 1999, no pet.). It is the defendant's burden to prove
that the bond is excessive. See Ex parte Sabur-Smith, 73 S.W.3d 436, 439 (Tex.App.--Houston [1st Dist.] 2002, no pet.). Such a showing generally requires proof that the
defendant made an unsuccessful effort to furnish bond in the amount fixed. Id. Absent
a showing by appellant that an effort has been made to furnish bond in the amount fixed
by the trial court, an abuse of discretion in setting the bond is not shown. See Ex parte
Stembridge, 472 S.W.2d 155 (Tex.Crim.App. 1971). 

 Appellant has not demonstrated that the trial court abused its discretion. The order
setting bond is affirmed. 


 Per Curiam 

Do not publish.



o that we were to hold that the trial court did err,
authority prohibits us from reversing the judgment unless we determine that the "case
turn[ed] on the evidence excluded . . . ." Id.; accord, Nissan Motor Co. v. Armstrong, 145
S.W.3d 131, 144 (Tex. 2004) (so holding). And, the burden lies with the complainant to
demonstrate that. Nissan Motor Co. v. Armstrong, 145 S.W.3d at 144.

 As to the guiding principles applicable at bar, we find several in the Texas Rules of
Evidence. The first mandates that evidence of other wrongs is not admissible to prove the
character of a person to show that he acted in conformity with that character. Tex. R. Evid.
404(b). It may, however, be received by the trial court if offered for other purposes, such
as to prove motive, plan, scheme, knowledge, or identity, for instance. Id. Finally, even
if admissible, the trial court may still exclude it if the probative value of the evidence, if any,
is substantially outweighed by the danger of unfair prejudice, confusing of the issues, or
misleading the jury. Tex. R. Evid. 403.

 Application of Standard

 Underlying McKee's argument on appeal is the proposition that the evidence of other
malpractice claims was admissible due to the similarity between the alleged neglect there
involved and that involved here. Yet, our review of the record fails to illustrate that such a
contention was urged below. Again, McKee informed the trial court that the evidence was
admissible to discredit Dove's opinions and because the door to its use had been opened. 
Nowhere did he urge that it was admissible due to its similarity to the circumstances or
claims before us. Since the grounds asserted on appeal must comport with those
mentioned at trial to preserve a complaint, Moser v. Davis, 79 S.W.3d 162, 169 (Tex.
App.-Amarillo 2002, no pet.), and they do not here, the issue was waived. 

 Next, to the extent that evidence of similar wrongs may be admissible, despite Rule
404(b), it is clear that, at the very least, the circumstances of the incidents and conditions
under which they occurred must be reasonably similar. Nissan Motor Co. v. Armstrong,
145 S.W.3d at 138 (involving unintended acceleration of a vehicle); Farr v. Wright, 833
S.W.2d 597, 601 (Tex. App.-Corpus Christi 1992, writ denied) (involving a malpractice
claim). And, the degree of similarity required depends upon the fact or issue in dispute. 
Nissan Motor Co. v. Armstrong, 145 S.W.3d at 138. Yet, even if similar, the evidence
remains subject to exclusion if it creates undue prejudice, confusion, or delay. Id. 

 Additionally, inherent in both Nissan and Farr is the requirement that the proponent
of the evidence illustrate that the supposedly similar incident actually occurred. Simply put,
if the incident did not happen, then it could hardly be admissible to prove the occurrence
of some other act or event. And, therein lies the problem here. The only evidence of
record purporting to illustrate the existence of the extraneous incidents of malpractice were
copies of pleadings and final orders issued by various courts. Yet, most anything can be
said in a pleading, whether true or not. Consequently, including an allegation favorable to
the pleader in such a document is seldom evidence of its occurrence. See In re M.C., 65
S.W.3d 188, 193 (Tex. App.-Amarillo 2001, no pet.) (stating that "generally, pleadings are
not admissible as proof of their contents in favor of the pleader"). Furthermore, the final
orders accompanying each pleading in question say nothing about the veracity of the
particular plaintiff's claims. Instead, they either indicate that the claims were settled or that
recovery was denied; none state that Dove was negligent or that the incident described in
the respective pleading actually happened. So, because the incidents underlying McKee's
complaint before us appear as nothing more than mere allegations in various pleadings,
we find no basis upon which to infer that they actually occurred or that they were
reasonably similar to those underlying the claims against Dove. 

 In short, the record does not permit us to hold that the trial court abused its
discretion in excluding the evidence in question. Thus, we overrule McKee's issue and
affirm the judgment of the trial court.


 Brian Quinn

 Justice 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon 1998). 
2. Though some 20 different suits were mentioned at trial, not all involved medical malpractice claims. 
Furthermore, McKee represented during oral argument and in his brief that he is concerned only about eight
particular instances of litigation.