NO. 07-03-0094-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 22, 2003

_____

FRANK GONZALEZ HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 11296; HONORABLE STEVEN R. EMMERT, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Frank Gonzalez Hernandez appeals from the trial court's refusal to reduce his bond. We affirm.

Appellant is incarcerated in Wheeler County pursuant to arrest for possession of a controlled substance, cocaine, over 400 grams. Bond has been set at $150,000.

Via *habeas corpus* motion and hearing, appellant sought reduction of the bond. Appellant did not offer evidence of his income, net worth, financial status, funds available to him through family and friends or attempts to make bond. He testified that he could not make the bond set.

The standard by which we review the amount of a bond is abuse of discretion. See Ex parte Rubac, 611 S.W.2d 848, 849-50 (Tex.Crim.App. 1981); Ex parte Milburn, 8 S.W.3d 422, 424 (Tex.App.--Amarillo 1999, no pet.). It is the defendant's burden to prove that the bond is excessive. See Ex parte Sabur-Smith, 73 S.W.3d 436, 439 (Tex.App.-- Houston [1st Dist.] 2002, no pet.). Such a showing generally requires proof that the defendant made an unsuccessful effort to furnish bond in the amount fixed. Id. Absent a showing by appellant that an effort has been made to furnish bond in the amount fixed by the trial court, an abuse of discretion in setting the bond is not shown. See Ex parte Stembridge, 472 S.W.2d 155 (Tex.Crim.App. 1971).

Appellant has not demonstrated that the trial court abused its discretion. The order setting bond is affirmed.

Per Curiam

Do not publish.

2