Opinion issued March 10, 2009







In The
Court of Appeals
For The
First District of Texas
 

 
 
NOS. 01-08-00575-CR
          01-08-00576-CR
____________
 
WILLIAM DAVID GOLDEN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause Nos. 1171884 and 1171883
 

 
 
O P I N I O N
          In this bond reduction appeal, William David Golden, appellant, asks that we
reverse the trial court’s judgments setting his bail at $200,000 in each of the two
underlying drug possession cases.


 Golden urges that we order him released from
custody. As grounds for appellate relief, Golden asserts the following: (1) the State
did not show probable cause for his detention and (2) the trial court abused its
discretion in setting excessive bonds. We reverse the judgments and render judgment
that bail is set at $75,000 in trial court habeas cause number 1171883 and $50,000 in
trial court habeas cause number 1171884.
Factual Background
          Baytown police arrested Golden, on May 6, 2008, on suspicion of driving
while intoxicated. During a search, police discovered that Golden carried alleged
controlled substances, and the State prepared proposed indictments the next day. In
the first, cause number 1165978, the State proposes charging Golden with possession
of cocaine weighing more than one gram and less than four grams by aggregate
weight. In the second, case number 1165979, the State proposes charging Golden
with possession of heroin weighing more than four grams and less than 400 grams. 
In both proposed indictments, the State alleges that these offenses are enhanced by
Golden’s alleged earlier convictions of felony possession of a controlled substance
in February 1986 and felony delivery of a controlled substance in January 1994. 
          Police advised Golden of the charges against him and that no bond was set in
either case. Golden, representing himself, applied to the trial court for habeas corpus
relief, requesting that the trial court set reasonable bail. On June 20, 2008, the trial
court granted the writs and ordered that a hearing be held on June 30, 2008. At the
beginning of the hearing, fifty-five days after arrest, the trial court noted that the
return of the writs had not been made. The prosecutor acknowledged that the State
had gone to the grand jury just that morning and both causes received a true bill.
          Golden called two witnesses and also testified on his own behalf. His wife,
Janet Golden, testified that she and Golden live in Katy, Texas; that Golden owns a
flooring business, which she is struggling to run in his absence; that a bonding
company with which she consulted could make a five thousand dollar bond; that the
bonding company felt that a five thousand dollar bond would be reasonable for the
offense; and that she felt that Golden would make his parole visits and appearances
before the court. Rick Harper testified that at times over the past few years he had
given Golden flooring work to do on which Golden does a good job; that, if needed,
he would assist Golden with employment and community support; that Golden has,
and, if released, would, as he had in the past, work with Harper in doing substance
abuse and alcohol abuse counseling. Harper also testified that he thinks Golden will
make his court appearances. Golden testified about the circumstances of the police
stop. The State introduced no evidence at the hearing. 
          Golden stated that the State had not shown probable cause for his detention and
moved the trial court to dismiss the charges against him. The trial court denied the
motion and set bond in each case at $200,000. Subsequently, the State supplemented
the record with the two indictments, approved by the grand jury, and filed with the
District Clerk on June 30, 2008. Probable Cause for DetentionIn his first ground for relief, Golden asserts that the trial court erred in not
granting him liberty because the State presented no evidence at the hearing and thus
failed to show probable cause for his detention. The State, however, supplemented
the record with the returned indictments in both cases. The return of an indictment
establishes probable cause as a matter of law. Ex parte Plumb, 595 S.W.2d 544, 545
(Tex. Crim. App. 1980). We overrule the first ground for relief.
Propriety of Bail
          In his second ground for relief, Golden asserts that the trial court abused its
discretion in setting excessive bail of $200,000 for each drug possession charge. We
review a trial court’s decision as to the appropriate amount of bail under an abuse of
discretion standard. See Ex parte Rubac, 611 S.W.2d 848, 850 (Tex. Crim.
App.1981); Ex parte Ruiz, 129 S.W.3d 751, 753 (Tex. App.—Houston [1st Dist.]
2004, no pet.). In the exercise of its discretion, a trial court must consider the
following statutory factors in setting bail:
1. The bail shall be sufficiently high to give reasonable assurance that a
criminal defendant will appear at trial and comply with other court orders
and conditions of the bond.
 
2. The power to require bail is not to be used as an instrument of
oppression.
 
3. The nature of the offense and the circumstances of its commission.
 
4. The ability to make bail is to be regarded, and proof may be taken on
this point.
 
5. The future safety of a victim of the alleged offense and the
community.
 
See Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005); Ludwig v. State, 812
S.W.2d 323, 324 (Tex. Crim. App. 1991) (noting that the court is “to be governed in
the exercise of [its] discretion by the Constitution and by the article 17.15 factors”). 
The burden of proof is upon a defendant who claims bail is excessive. Rubac, 611
S.W.2d at 849; Ex parte Martinez-Velasco, 666 S.W.2d 613, 614 (Tex.
App.—Houston [1st Dist.] 1984, no pet.). 
          The primary purpose for setting bond is to secure the presence of the defendant
at his trial. Ex parte Vasquez, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); Ex parte
Bonilla, 742 S.W.2d 743, 744 (Tex. App.—Houston [1st Dist.] 1987, no pet.). The
amount of bail should be set sufficiently high to give reasonable assurance that the
accused will comply with the undertaking, but should not be set so high as to be an
instrument of oppression. Ex parte Bufkin, 553 S.W.2d 116, 118 (Tex. Crim. App.
1977); Ex parte Willman, 695 S.W.2d 752, 753 (Tex. App.—Houston [1st Dist.] 1985,
no pet.). Courts should consider the defendant’s work record, family ties, length of
residency, past criminal record, conformity with previous bond conditions, and other
outstanding bonds. See Rubac, 611 S.W.2d at 849; see also Martinez-Velasco, 666
S.W.2d at 614–15.
Discussion
          Golden introduced evidence of family ties and residency, namely that he is a
businessman, residing in Katy, Texas with his wife, and before that time in Houston,
Texas. Before his arrest, he attended drug and alcohol abuse counseling in the
community. He produced evidence that, if released on bond, he would have assistance
with employment, could resume counseling, and would have support from a church
and the community. Both his wife and business associate testified that Golden would
appear at trial. This evidence weighs in favor of a bond reduction. 
          Against this, the trial judge could weigh Golden’s acknowledgment that had
been arrested for drug possession while on parole for a prior drug offense. While
those who possess cocaine with the intent to deliver in amounts over 400 grams
undoubtedly affect the community in which they live, see Maldonado v. State, 999
S.W.2d 91, 97 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d), the quantities
alleged to have been possessed are relatively low, and the State has not charged that
the possession was with an intent to deliver. Neither of the charged offenses, nor the
alleged prior convictions, involve a weapon or violence. 
          Though ability or inability to make bail does not control the bail to be set, it is
a factor that the trial court must consider together with the other statutory elements. 
Ex parte Gentry, 615 S.W.2d 228, 231 (Tex. Crim. App. 1981); Ex parte Reyes, 4
S.W.3d 353, 355 (Tex. App.—Houston [1st Dist.] 1999, no pet.); Tex. Code Crim.
Proc. Ann. art. 17.15(4). The testimony of Golden’s wife addressed the amount that
a bonding agency was willing to post, not Golden’s ability to make that amount. 
Golden did not show that the bonding agency had interviewed Golden and no one,
including himself or his wife, testified regarding Golden’s overall financial resources. 
See, e.g., Ruiz, 129 S.W.3d at 754 (lack of evidence of Ruiz’s personal financial
resources a factor considered by court of appeals in affirming trial court’s decision not
to lower bail) (citing Ex parte Chavfull, 945 S.W.2d 183, 186, 187 (Tex. App.—San
Antonio 1997, no pet.)). Neither Golden, nor his wife testified whether they owned
or rented their Katy residence. Neither of them testified to the value of Golden’s
flooring business. Golden introduced no evidence regarding whether he had securities
or bank or savings accounts, and, if so, their values. See, e.g. Chavfull, 945 S.W.2d
at 186. Golden did, however, adduce evidence that his wife is struggling to keep the
business afloat while he is incarcerated, and she cannot fulfill the business’s
outstanding contracts. This evidence indicates that Golden’s post-arrest incarceration
has detrimentally impacted his ability to post a bond. See Ex parte Bogia, 56 S.W.3d
835, 837, (Tex. App.—Houston [1st Dist.] 2001, no pet.) (considering fact that
defendant was confined in jail for six months as evidence that he could not make bail
and concluding that the $360,000 bail set for second degree felony theft was less
justifiable the longer pretrial detention continued).
          Finally, the State charges Golden with two felony drug possession offenses. 
One, in case number 1165979, for possession of heroin weighing more than four
grams and less than four hundred grams by aggregate weight, a second degree felony. 
Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003). The regular range
of punishment for such an offense is confinement for two to twenty years and a fine
not to exceed $10,000. Tex. Pen. Code Ann. § 12.33 (a), (b) (Vernon 2003). The
other charge, in case number 1165978, is for possession of cocaine weighing more
than one gram and less than four grams, a third degree felony. Tex. Health &
Safety Code Ann. § 481.115 (c) (Vernon 2003). The regular range of punishment
for a third degree felony is confinement for two to ten years and a fine not to exceed
$10,000. Tex. Pen. Code Ann. § 12.34 (a), (b) (Vernon 2003). Both indictments
contain habitual offender enhancement paragraphs alleging Golden’s prior convictions
(1) in 1986 of felony delivery of a controlled substance and (2) in 1994 of felony
possession of a controlled substance. If proven, these enhancement paragraphs elevate
the range of punishment in each case to confinement for a minimum of 25 years to 99
years or life. Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2008).
          Though Golden is subject to a lengthy period of confinement if he is convicted,
this case is unlike Willman, Ruiz, or other drug cases in which our court has affirmed 
six-figure bail amounts, both in the quantity of drugs allegedly possessed and in ties
to the community. In Willman, the State charged the defendant with delivery of
approximately two kilograms of cocaine,


 Willman, 695 S.W.2d at 753, and in Ruiz,
police recovered approximately 63.55 kilograms of cocaine valued at $5.5 million.


 
Ruiz, 129 S.W.3d at 752. Here, the quantity of drugs involved, relative to Willman and
Ruiz, is small. In addition, Golden is not charged with delivery of a controlled
substance as the defendants in Willman and Ruiz were. Willman, 695 S.W.2d at 753;
Ruiz, 129 S.W.3d at754. Unlike in Ruiz, here, there is no evidence that the defendant
is not a United States citizen or resident or poses any flight risk, no evidence of large
sums of money found at the crime scene, and no evidence of participation by co-actors
to suggest a smuggling conspiracy. See Ruiz, 129 S.W.3d at 752. 
          Rather, we conclude that this case is similar to cases such as Ex parte Brown,
No. 01-02-00507-CR, 2002 Tex. App. LEXIS 6557 (Tex. App.—Houston [1st Dist.]
August 30, 2002, no pet.) (not designated for publication) and Denby v. State, A14-91-00385-CR, 1991 Tex. App. LEXIS 2615 (Tex. App.—Houston [14th Dist.] October
24, 1991, no pet.) (not designated for publication), in which we and our sister court,
respectively, reduced the bail set for drug possession. Brown was charged with
second degree felony possession of a controlled substance, enhanced by two alleged
prior felony convictions, see Brown, at *1, so the potential range of punishment
mirrors that in this case. Factoring in suggestions from the Harris County Bail
Schedule, this court lowered Brown’s bail from $125,000 to $75,000. Id. at *7-*9. 
Denby faced two felony indictments, one for two counts of forgery and the other for
engaging in organized criminal activity, with each indictment enhanced by two prior
felony convictions. Denby at *1. The trial court found Denby to be an habitual
offender facing a range of punishment for each offense of confinement of twenty-five
to ninety-nine years or life. Id. at *3. It noted that Denby was on parole at the time
of his last arrest. Id. Holding that the trial court abused its discretion in setting bail at
$75,000 in each case, the Fourteenth Court of Appeals reversed the trial court’s
judgment and rendered judgment that the bond be reduced to $50,000 in each case. 
Id. at *9. Given the facts of this case and the amounts set in roughly comparable
circumstances, we hold that $200,000 is an excessive bail amount for each of the two
charges of drug possession. Noting that the alleged drugs recovered differ in quantity
and kind so that one charge of possession is a second degree felony and the other is
a third degree felony, we reduce the bail in cause number 1165979, the second degree
felony possession case, to $75,000 and in cause number 1165978, the third degree
felony possession case to $50,000.Conclusion
          Considering the amount of bail determined to be reasonable for other cases of
alleged possession of relatively small amounts of drugs, in which the defendant’s
indictment is enhanced, but involves only non-violent offenses, we reverse the trial
court’s judgments setting bail at $200,000 in each case and render judgment that bail
be set at $75,000 in trial court habeas cause number 1171883 and at $50,000 in trial
court habeas cause number 1171884. 
 
                                                                        Jane Bland
                                                                        Justice
 
 
 
Panel consists of Justices Taft, Bland, and Sharp.
 
Justice Sharp concurring.
 
Publish. Tex. R. App. P. 47.2(b).