Opinion issued July 15, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00206-CR

———————————

Ramiro Buentello, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 174th District Court

Harris County, Texas



Trial Court Case No. 1246176

 



 

MEMORANDUM OPINION

          This
is an interlocutory appeal from the trial court’s ruling on a pretrial habeas
corpus petition alleging that bail was oppressive and violative of the United
States and Texas Constitutions.   See Tex.
R. App. P. 31.  In his habeas
petition to the trial court, appellant, Ramiro Buentello, requested that his bail
be reduced from $1,000,000 to $100,000. 
Following a hearing on the writ, the trial court granted relief by
reducing the bond from $1,000,000 to $500,000. 
On appeal, appellant argues that the trial court abused its discretion
by reducing his bail to $500,000.  We
affirm.

BACKGROUND

In December 2009, appellant was
arrested and charged with possessing, with intent to deliver, more than 50
kilograms of cocaine valued at over $5,000,000. 
Appellant’s bail was originally set at $10.2 million but was later
reduced to $1,000,000.  Appellant filed a
pretrial writ for habeas corpus relief, requesting that the trial court “reduce
the amount of bond to a reasonable amount.” 
The trial court granted the writ and ordered that a hearing be held on
February 11, 2010.  

At the hearing, the State rested
after it offered a certified copy of the indictment and asked the court to take
judicial notice of the writ and return in the case.  Appellant offered the testimony of his
sister, Marie Zuniga.[1]  Zuniga testified that appellant was her older
brother.  She testified that appellant
was not a United States citizen but has been a resident of the United States
since the 1980s.  Appellant resided in
Harris County in a house with his wife and daughter.  Appellant was a paint contractor, but
approximately two years earlier, he suffered an injury to his back and has “not
[been] doing a lot of work” since.  Appellant’s
wife, Elsa Buentello, was a U.S. citizen, and had worked at Sears for 35
years.  His daughter, Vanessa Buentello,
was a high school teacher.  Zuniga
testified that in 1987 appellant was charged with two felonies, for burglary of
a motor vehicle and auto theft, and she believed he went to court when those
charges were pending.

Regarding appellant’s assets, Zuniga
testified that appellant and his wife were still paying on their house and did
not own the house free and clear.  Zuniga
testified that between the members of their whole family, they were able to
raise $10,000 towards the bail.  Zuniga
also mentioned that her sister-in-law had a friend that was willing to post
property to help with meeting the bail but she was not aware of the property’s
value.  Zuniga suggested that the court
set a bail at $100,000.

Zuniga testified that all of her
and appellant’s family lived in Houston and San Antonio.  However, on cross-examination, Zuniga
admitted they had cousins and aunts in Monterey, Mexico.  When asked whether she was aware that
appellant traveled to Mexico frequently, Zuniga answered affirmatively that
appellant goes to Mexico.  Zuniga
testified that they were in Mexico as recently as November 2009.  Zuniga admitted on cross-examination that she
was aware appellant transported appliances and electronics from the United
States to Mexico for their family to sell.

The trial court granted appellant’s
request for habeas relief and reduced his bail from $1,000,000 to
$500,000.  Appellant argues that the
trial court abused its discretion in setting the bail at $500,000.

A.      Standard of
Review

We review a trial court’s ruling on
the setting of bond under an abuse of discretion standard. Golden v. State, 288 S.W.3d 516, 518 (Tex. App.—Houston [1st Dist]
2009, pet. ref’d) (citing Ex parte Rubac,
611 S.W.2d 848, 850 (Tex. Crim. App. 1981)).

B.      Propriety of
Bail

In the exercise of its discretion, a trial court must
consider the following statutory factors in setting bail:

1.  The bail
shall be sufficiently high to give reasonable assurance that a criminal
defendant will appear at trial and comply with other court orders and
conditions of the bond.

 

2.  The power to
require bail is not to be used as an instrument of oppression.

 

3.  The nature
of the offense and the circumstances of its commission.

 

4.  The ability
to make bail is to be regarded, and proof may be taken on this point.

 

5.  The future
safety of a victim of the alleged offense and the community.

 

See
Tex.
Code Crim. Proc. Ann. art.
17.15 (Vernon 2005); Ludwig v. State, 812 S.W.2d 323, 324 (Tex. Crim.
App. 1991) (noting that the court is “to be governed in the exercise of [its]
discretion by the Constitution and by the article 17.15 factors”).  The burden of proof is upon a defendant who
claims bail is excessive.  Rubac,
611 S.W.2d at 849; Ex parte Martinez-Velasco, 666 S.W.2d 613, 614 (Tex.
App.—Houston [1st Dist.] 1984, no pet.).

The primary purpose for setting bond is to secure the presence
of the defendant at his trial.  Ex
parte Vasquez, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); Ex parte
Bonilla, 742 S.W.2d 743, 744 (Tex. App.—Houston [1st Dist.] 1987, no
pet.).  The amount of bail should be set
sufficiently high to give reasonable assurance that the accused will comply
with the undertaking, but should not be set so high as to be an instrument of
oppression.  Ex parte Bufkin, 553
S.W.2d 116, 118 (Tex. Crim. App. 1977); Ex parte Willman, 695 S.W.2d
752, 753 (Tex. App.—Houston [1st Dist.] 1985, no pet.).  Courts should consider the defendant’s work
record, family ties, length of residency, past criminal record, conformity with
previous bond conditions, and other outstanding bonds.  See Rubac, 611 S.W.2d at 849; see
also Martinez-Velasco, 666 S.W.2d at 614–15.

C.      Analysis

Appellant’s sister testified
regarding family ties to Houston and San Antonio, but admitted on
cross-examination that they had family in Mexico and appellant made frequent
trips to Mexico to deliver electronics. 
Appellant is not a citizen of the United States but has been a resident
of Houston since the 1980s.  Appellant worked
as a paint contractor several years ago but has not worked for the last two years.  Zuniga indicated that appellant made money by
traveling to Mexico to sell electronics and appliances.  This evidence does not weigh in favor of
reduction.      

The nature of the offense and circumstances surrounding the
crime are primary factors in determining what constitutes reasonable bail.  See Ex
parte Davila, 623 S.W.2d 408, 410 (Tex. Crim. App. 1981).  In his brief, appellant argues that “[n]o
party or witness has implied that the safety of any victim or the community at
large is at risk in the event the appellant should make bail” and “no party has
implied this concern is a proper justification for such a high bail.”  Appellant is charged with possessing with the
intent to deliver more than 50
kilograms of cocaine valued at over $5,000,000. 
Courts have previously held that those who possess cocaine with
the intent to deliver in amounts over 400 grams undoubtedly affect the
community in which they live.  See
Maldonado v. State, 999 S.W.2d 91, 97 (Tex. App.—Houston [14th
Dist.] 1999, pet. ref’d).  Because
appellant was charged with possessing with the intent to deliver more than
50,000 grams (or 50 kilograms) of cocaine, the nature of the offense
necessarily affects the community.  See id.

In considering the nature of the offense, it is also proper
to consider the possible punishment.  Id. at 95; Wright v. State, 976 S.W.2d 815, 820 (Tex. App.—Houston [1st Dist.]
1998, no pet.).  When the nature of the
offense is serious and involves aggravating factors that may result in a
lengthy prison sentence, bail must be set sufficiently high to secure the defendant’s
presence at trial.  In re Hulin, 31 S.W.3d 754, 760 (Tex. App.—Houston [1st Dist.]
2000, no pet.).  The State charged
appellant with possession with intent to deliver at least 400 grams of
cocaine.  Tex. Health & Safety Code Ann. § 481.112(f) (Vernon
2003).  The regular range of punishment
for such the offense is confinement for life or for a term of not more than 99
years or less than 15 years, and a fine not to exceed $250,000.  Id.  Appellant concedes in his brief that he
has a prior conviction.  If proven, the
enhancement paragraph elevates the range of punishment to confinement for a
minimum of 25 years to 99 years or life. 
Tex. Penal Code Ann. §
12.42 (Vernon Supp. 2008).  Appellant is
charged with a serious offense, and if convicted, he will face a lengthy
sentence.  Thus, the nature of the
offense and the circumstances of its commission also weigh against reduction of
bail.  

Though ability or inability to make bail does not control the
bail to be set, it is a factor that the trial court must consider together with
the other statutory elements.  Ex
parte Gentry, 615 S.W.2d 228, 231 (Tex. Crim. App. 1981); Ex parte Reyes,
4 S.W.3d 353, 355 (Tex. App.—Houston [1st Dist.] 1999, no pet.); Tex. Code Crim. Proc. Ann. art.
17.15(4).  Unless the defendant shows
that his funds and those of his family have been exhausted, as in Ex parte Dueitt, he must show that he
made an unsuccessful effort to furnish bail in the amount set.  529 S.W.2d 531, 532 (Tex. Crim. App. 1975); see generally Ex parte Stembridge, 472
S.W.2d 155 (Tex. Crim. App. 1971); Ex
parte Williams, 467 S.W.2d 433 (Tex. Crim. App. 1971).

 Zuniga, appellant’s
sister, testified regarding appellant’s inability to make bail, but she did not
provide any documentation regarding appellant’s finances.  Zuniga testified that appellant owned his
home, but did not own it “free and clear.” 
However, Zuniga never testified regarding the value or amount of equity
in the home.  Zuniga testified that
friends of the family offered to help appellant by posting their property to
secure the bond, but Zuniga did not know that value of the property.[2]  

Appellant did not provide evidence of his overall financial
resources through the testimony of his sister or otherwise.  See, e.g., Ex parte Ruiz, 129 S.W.3d 751,
754 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (lack of evidence of Ruiz’s
personal financial resources was factor considered by court of appeals
in affirming trial court’s decision not to lower bail) (citing Ex parte
Chavfull, 945 S.W.2d 183, 186–87 (Tex. App.—San Antonio 1997, no
pet.)).  Appellant did not produce
evidence of the value of his property or whether he had securities or bank or
savings accounts, and, if so, their values. 
See, e.g. Chavfull, 945 S.W.2d at 186.  Accordingly, appellant has failed to provide
enough evidence for the court to adequately assess his financial capabilities
and weighs against reducing the bail.  See id.

Zuniga testified that her brother was not working and his
only income came from selling electronics and appliances in Mexico.  Because appellant was not working prior to
his arrest, this evidence indicates that appellant’s post-arrest incarceration
has not detrimentally impacted his ability to post a bond.  See Ex parte Bogia, 56 S.W.3d 835, 837,
(Tex. App.—Houston [1st Dist.] 2001, no pet.) (considering fact that defendant
was confined in jail for six months as evidence that he could not make bail and
concluding that the $360,000 bail set for second degree felony theft was less
justifiable the longer pretrial detention continued).         

Appellant is subject to a lengthy period of confinement if he
is convicted, similar to Willman, Ruiz, or other drug cases in
which our court has affirmed six-figure bail amounts.  In Willman, the State charged the
defendant with delivery of approximately two kilograms of cocaine,[3]
and in Ruiz, police recovered approximately 63.55 kilograms of cocaine
valued at $5.5 million.[4]   Willman,
695 S.W.2d at 753; Ruiz, 129 S.W.3d at 752.   Here, over
fifty kilograms of cocaine were involved, comparable to the relatively large
quantities involved in Willman and Ruiz.  Like Ruiz, here, there is evidence
that the defendant is not a United States citizen and he poses a flight
risk.  See Ruiz, 129 S.W.3d at
752. 

Appellant cites language from Bogia to support his argument that the reduced $500,000 bail was
still excessive.  See 56 S.W.3d at 835 (holding bail of $360,000 on charge of second degree felony theft
was excessive and setting bail at $10,000). 
The facts of Bogia are
distinguishable.  In Bogia, appellant’s husband supervised a corporation’s environmental
remediation projects and violated the corporation’s policy by granting such
contracts to his wife’s (appellant’s) company. 
Id. at 839.  Using an assumed name, appellant’s company
received contracts for $183,214.50 and completed the work, but the State argued
the work was performed by unqualified people. 
Id. at 836.  The Court stated that the circumstances of
the offense were significant and might not outrage the jury, noting that
“[t]his is not a case in which money was paid for nothing[.]”  Id.
at 839.  Bogia had no prior convictions.  Id.  The range of punishment applicable to Bogia’s
offense was 2 to 20 years, but the Court noted that “appellant’s realistic
exposure to punishment is less, probably within the 2-10 year range” and
“[j]udges and juries often given sentences of less than 10 years, even
probation, for such crimes.”  Id. 
Thus, Bogia involved a much
less serious offense than in the present case. 


Here, appellant is charged with an aggravated first degree
felony.  He has a prior conviction, has ties
to Mexico, regularly travels to Mexico, and has not provided sufficient
evidence to show his inability to meet bail.  Because appellant failed to offer evidence of
his assets and finances, and because other factors weighing against reduction
are present, he has failed to meet his burden of proving the bail was
excessive.  See Golden, 288 S.W.3d at 518.  We hold that the trial court did not abuse
its discretion by denying habeas relief. 
We overrule appellant’s sole issue on appeal.

Conclusion

We affirm the judgment of the trial court.

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]
          In his brief, appellant noted
that the witness’s last name is “Zuniga” but was incorrectly spelled “Suniga”
in the hearing record.  We correct the
spelling error here.





[2]
          In his brief, appellant states
that the family friend’s property was “worth $100,000.”  However, the value of the property is not in
the record.





[3]
          This court affirmed the trial court’s reduction of bail from $500,000
to $300,000.  Ex parte Willman,
695 S.W.2d 752, 754 (Tex. App.—Houston [1st Dist.] 1985, no pet.).





[4]
          This court affirmed the trial court’s reduction of bail from $1,600,000
to $600,000.  Ruiz, 129 S.W.3d at
752.